PEOPLE *v.* LIENARTOWICZ.

1. SEARCHES AND SEIZURES—AFFIDAVIT—SEARCH WARRANT—DESCRIPTION—SUFFICIENCY.

Although an affidavit for a search warrant gives the magistrate the right to issue a warrant to search only the place mentioned, nice or technical descriptions are not required, and a description pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient.

2. INTOXICATING LIQUORS—SEARCHES AND SEIZURES—SUFFICIENCY OF SEARCH WARRANT.

In a prosecution for violation of the prohibition law, an affidavit and search warrant describing the place to be searched as the dwelling of defendant, in a certain city and county in the State of Michigan, *held,* sufficient, and the liquor seized therein admissible in evidence.

Exceptions before judgment from Otsego; Smith (Guy E.), J. Submitted October 11, 1923. (Docket No. 130.) Decided December 19, 1923.

William Lienartowicz was convicted of violating the liquor law. Affirmed.

On necessity of describing place and property to be searched in complaint, see notes in 3 A. L. R. 1518; 13 A. L. R. 1318; 27 A. L. R. 751.

*L. G. Dafoe,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Elmer G. Smith,* Prosecuting Attorney, for the people.

CLARK, J.     Defendant was convicted of violating the prohibition law.     His exceptions before sentence challenge the validity of the search warrant by which the evidence against him was procured.     The place to be searched was described in the affidavit for the warrant:

"beneath the basement floor in the city of Gaylord, county of Otsego, State of Michigan, which said premises are occupied by one William Lienartowicz as a dwelling, a part of which is used for the unlawful storing and keeping for sale intoxicating liquors, to-wit:     Moonshine whisky," etc.

The place to be searched was described in the warrant:

"in the one and two story house and basement of the premises situate, known as the dwelling house of William Lienartowicz in the city of Gaylord, county of Otsego, State of Michigan, which said premises are occupied by one William Lienartowicz, as a dwelling, a part of which is used for the unlawful storing and keeping for sale intoxicating liquors, to·wit:     Moonshine whisky," etc.

It is not shown that the place was known by a street number.     The officer seized on the premises jugs containing moonshine whisky and some articles used in its manufacture, which were received in evidence over objection.

It is urged that a different place to be searched is set forth in the warrant from that in the affidavit and that the warrant is therefore void.     The affidavit gave the magistrate the right to issue a search warrant to search the place mentioned in the affidavit, no other place.     *People* v. *Musk,* 221 Mich. 578.     Nice or

technical descriptions are not required.     A description pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient.     *People* v. *Flemming,* 221 Mich. 609.     Each case must be determined on its own facts.     Stripped then to descriptive matter here essential, what was the place to be searched as stated in the affidavit?     The dwelling of William Lienartowicz in the city of Gaylord, county of Otsego, State of Michigan.     The same is true of the warrant.     And that was the place searched.     For the difference in description of defendant's dwelling the warrant will not be held to be void.     No other question merits discussion.

The conviction is affirmed.     The cause is remanded.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.