PEOPLE v DEBORAH BLOUNT

Docket No. 45905. Submitted May 20, 1980, at Detroit.—Decided August 15, 1980. Leave to appeal applied for.

Defendant, Deborah K. Blount, was arrested and charged with possession of cocaine following a search by Detroit police of a two-story, two-family, dwelling house located at 5337 and 5339 Hurlbut in the City of Detroit. Defendant filed a motion in Detroit Recorder's Court to suppress the evidence against her on the grounds that the search was illegal because the address on the search warrant listed the premises to be searched as 5335 Hurlbut. The motion to suppress was granted and the case was dismissed, George W. Crockett, III, J. The people appeal. *Held:*

The address listed in the search warrant corresponded to a vacant lot next door to the house that was searched. The description of the premises contained in the affidavit and search warrant accurately described the house that was searched and brings this case within the rule that a description pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient for a valid search even though the warrant lists an incorrect address.

Reversed and remanded.

SEARCHES AND SEIZURES — SEARCH WARRANTS — INCORRECT ADDRESS — DESCRIPTION OF PREMISES TO BE SEARCHED — SUFFICIENCY.

A search is valid, pursuant to a search warrant, where an affidavit and the search warrant give a distinctive description of the premises to be searched, pointing it out as a definitely ascertainable place, and describing the location of the house to be searched and the thing to be searched for in reasonably certain terms, not leaving the place of search to the discretion of the officer, even though the address of the place to be searched is listed incorrectly on the warrant.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE

[1] 68 Am Jur 2d, Searches and Seizures § 74.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Robert W. Plumpe,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN and S. EVERETT,* JJ.

PER CURIAM. On February 23, 1979, Detroit police officers executed a search at a two-family residence, dwelling numbers 5337 and 5339 Hurlbut, in the City of Detroit. They were armed with a search warrant ordering them to search a dwelling known as 5335 Hurlbut located in the City of Detroit. The warrant contained the additional description of a two-story, two-family, frame dwelling with asbestos siding. At the time of the search, there was no residential dwelling at 5335 Hurlbut, that address corresponding to a vacant lot.

As a result of the search, a quantity of cocaine was seized and the defendant was charged with unlawful possession of cocaine. A motion to suppress was filed and granted, the case being dismissed. The people appeal.

Defendant cites the case of *People v Musk,* 221 Mich 578; 192 NW 485 (1922), as authority for the proposition that the search of premises with a street number different from that set forth in the warrant is a trespass and in violation of the constitutional rights of the occupant. In *People v Flemming,* 221 Mich 609; 192 NW 625 (1923), the Court refused to follow *Musk* where the erroneous house number was coupled with sufficient descriptive

---

* Circuit judge, sitting on the Court of Appeals by assignment.

language to properly identify the place to be searched. See also *People v Lienartowicz,* 225 Mich 303; 196 NW 326 (1923), and *People v Urban,* 228 Mich 30; 199 NW 701 (1924).

We are satisfied that the description of the premises contained in the affidavit and warrant brings this case within the rule set forth in *Flemming, supra,* 615, and followed in *Lienartowicz, supra,* 305, that "a description pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient".

The order suppressing the evidence is reversed and the case remanded for further proceedings.