PEOPLE v LANDT

Docket No. 124197. Submitted December 19, 1990, at Lansing. Decided April 1, 1991, at 9:50 A.M. Leave to appeal sought.

Herman W. Landt was charged in the Oakland Circuit Court with possession of marijuana with intent to deliver, possession of twenty-five grams or more, but less than fifty grams, of cocaine, and being a second-felony offender on the basis of evidence seized in his residence pursuant to a search warrant. The court, Jessica R. Cooper, J., suppressed all evidence seized pursuant to the warrant except a jacket and three sealed packages of marijuana, finding that the magistrate and the police officers had probable cause to believe that the jacket and marijuana would be found in the defendant's residence, but that there was no probable cause to believe that evidence of drug trafficking or any other evidence of narcotics would be found within the residence. The Court of Appeals (DANHOF, C.J., SHEPHERD and CYNAR, JJ.) denied the prosecutor leave to appeal. (Docket No. 116446.) The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for consideration as on leave granted. 433 Mich 916 (1989).

The Court of Appeals *held*:

The suppression of all the evidence seized except the jacket and the marijuana was proper.

The appropriate standard of review of a magistrate's determination of probable cause to issue a search warrant is whether the magistrate's determination is supported by a substantial basis in the affidavit to conclude that the evidence sought is probably present, not whether the magistrate's discretion was abused. The affidavits submitted to the magistrate in this case did not establish probable cause to justify authorization of the broad search and seizure which occurred. While the facts in the affidavit were sufficient to establish probable cause to search for the jacket and marijuana, they were insufficient to establish probable cause to search for any other narcotics or evidence of

REFERENCES

Am Jur 2d, Searches and Seizures §§ 63-70.

Disputation of truth of matters stated in affidavit in support of search warrant—modern cases. 10 ALR3d 359.

drug trafficking. In addition, the police did not have prior justification for intruding into otherwise protected areas in the house because they found the jacket and marijuana as soon as they entered the residence.

Affirmed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — STANDARD OF REVIEW.

The standard of review applicable to a magistrate's determination of probable cause to issue a search warrant is whether the determination is supported by a substantial basis in the affidavit to conclude that the evidence sought is probably present in the location specified.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS.

An affidavit for a search warrant must contain more than mere inferences; it must contain facts within the knowledge of the affiant, as distinguished from mere conclusions or belief.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Richard J. Levine, P.C.* (by *Richard J. Levine*), for the defendant.

Before: SULLIVAN, P.J., and DOCTOROFF and MURPHY, JJ.

MURPHY, J. The prosecutor initially sought leave to appeal to this Court from an order of the circuit court suppressing certain evidence. This Court denied leave for lack of merit on the grounds presented. Leave to appeal to the Supreme Court was sought by the prosecutor, and the case was remanded to this Court for consideration as on leave granted. 433 Mich 916 (1989).

Defendant was charged with possession of marijuana with intent to deliver, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), and possession of twenty-five

grams or more, but less than fifty grams, of cocaine, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv). Following a preliminary examination, defendant was bound over to circuit court on these charges and was also charged with being a second-felony habitual offender, MCL 769.10; MSA 28.1082.

The trial court granted the defendant's motion to suppress all evidence seized pursuant to a search warrant except for an Eddie Bauer jacket and three sealed packages of marijuana. The court found that the magistrate who issued the warrant and the officers involved had probable cause to believe that marijuana delivered to defendant would be present at the residence. However, the court also found that there was no probable cause to believe that evidence of drug trafficking or any other evidence of narcotics would be found within the house.

Two issues must be resolved by this Court: first, what is the appropriate standard of review to be applied to a magistrate's decision to issue a search warrant, and, second, did the circuit court err in suppressing all evidence seized pursuant to the search warrant with the exception of the Eddie Bauer jacket and the three sealed envelopes of marijuana?

The record reveals that one brown-paper-wrapped package, measuring approximately 10¼ × 10 × 9 inches, and addressed to defendant, was opened and searched in the State of Hawaii pursuant to a United States District Court search warrant. The search revealed three clear heat-sealed plastic packages, each containing a quantity of marijuana. The packages of marijuana were found inside a gray Eddie Bauer jacket. The United States postal authorities forwarded the package to the United States Post Office in Detroit, Michigan,

where the package was searched by Inspector David Tucker and the affiant, Deputy David Wurtz. The package was delivered to defendant on August 24, 1987, and defendant signed for the package.

Wurtz obtained a search warrant on August 24, 1987. The affidavit indicated that the affiant had probable cause to believe that marijuana, drug paraphernalia, and records pertaining to drug trafficking would be found at defendant's address. The affiant indicated that he had obtained information concerning defendant's home address through Detroit Edison records and Jacqueline Halterman, a police clerk with the Novi Police Department. The affiant further indicated that, on the basis of his information, he believed that evidence of dominion and control over the items to be searched for would be located at defendant's residence. The magistrate issued the warrant, and the police officers conducted an eight-hour search of defendant's home on August 24, 1987. During the search, the police officers found the Eddie Bauer jacket, three sealed packages of marijuana, and, among other things, drugs, drug paraphernalia, weapons, and approximately $150,000 in cash.

The trial judge initially suppressed evidence of cocaine and other miscellaneous items found in defendant's bedpost. A full hearing on the motion to suppress evidence was held, and Deputy Wurtz testified that he had been employed for 9½ years with the Oakland County Sheriff's Department and had been assigned to the narcotics enforcement team for two years before the date of the search. Wurtz indicated that the search of defendant's home was triggered by the discovery of the package addressed to defendant containing approximately six ounces of marijuana. Upon entering defendant's home, Wurtz immediately located the

Eddie Bauer jacket containing the three sealed packages of marijuana. However, police officers continued the search even after they found the jacket.

After finding the jacket, Wurtz went into defendant's living room, where he found tally sheets on the fireplace mantel and in the fireplace. As the search of the residence continued, police officers found a safe, which defendant opened after the police officers threatened to call a locksmith. Inside the safe was a closed briefcase which, when opened, revealed numerous sealed manila envelopes. The officers opened the sealed envelopes and discovered large sums of money. Wurtz testified that it took eight hours for the search, which he attributed in part to the large quantity of money that had to be counted.

I

### WHAT IS THE APPROPRIATE STANDARD OF REVIEW TO BE APPLIED TO A MAGISTRATE'S DECISION TO ISSUE A SEARCH WARRANT?

For reasons to be discussed, we believe the appropriate standard of review of a magistrate's determination of probable cause for a search warrant is not whether the magistrate's discretion was abused,[1] but whether the magistrate's determination of probable cause is supported by a substantial basis from the affidavit itself to conclude that the evidence sought is probably present.

Both the United States and Michigan Constitutions guarantee a person's right against unreasonable searches and seizures of the person, houses,

---

[1] The Court in *People v Gleason,* 122 Mich App 482; 333 NW2d 85 (1983), previously analyzed how the abuse-of-discretion standard of review erroneously found its way into the case law.

papers, and effects.[2] It is further provided that a search warrant may not issue unless probable cause exists. Even then, the warrant must describe the place to be searched and the things to be seized. US Const, Am IV; Const 1963, art 1, § 11. See also MCL 780.651; MSA 28.1259(1). Probable cause consists of facts and circumstances which would warrant a person of reasonable prudence to believe that the items sought are in the stated place. *People v David,* 119 Mich App 289, 292-293; 326 NW2d 485 (1982).

In this case, the affidavit for the search warrant sought a complete search of defendant's residence for all types of items pertaining to drug trafficking.[3] However, the only *fact* in the affidavit that

---

[2] The Michigan Constitution refers to "possessions" instead of "effects." Const 1963, art 1, § 11.

[3] The affidavit provided in part:

Deputy David Wurtz, Affiant, being first duly sworn, on oath, deposes and says:

(1) That the following property constitutes evidence of criminal conduct:

Marijuana and any other illegally possessed controlled substances; drug paraphernalia for cutting, packaging, processing, storage, weighing, use/consumption of any controlled substances, proof of residency such as but not limited to utility bills, correspondence, rent receipts and keys to the premises, proofs as to the identity of unknown suspects such as but not limited to photographs, certificates and/or diplomas, illegal drug proceeds, and records pertaining to drug trafficking and marked packaging and wrapping materials.

(2) Affiant further says that the above-mentioned property is located at the following described place:

339 South Lake Drive in the City of Novi, County of Oakland, State of Michigan; being a 1½ story dwelling, dark brown in color, screened porch across the front of the building, tan in color, extending the full width of the building; black roof; beige colored detached garage; pole mounted satellite dish on the west side of the building, the numbers 339 displayed on the mailbox found at the foot of the driveway to the residence. Search to include all rooms, hallways, compartments, crawlspaces, storage areas, porches, attics or basements accessible therefrom, garage shed(s) and/or outbuildings and all persons therein.

established probable cause for the search was the information the affiant received from the United States Postal Inspector in Hawaii that three clear sealed plastic packages of marijuana in the pockets of a gray Eddie Bauer jacket were being mailed to defendant's residence in a sealed brown cardboard carton. Nevertheless, on the basis of this affidavit, the magistrate authorized a search warrant that enabled as broad a search of defendant's residence as was requested and authorized seizure of all items sought by Deputy Wurtz in his affidavit.

There is a split of authority in this Court concerning the applicable standard for reviewing the issuance of a search warrant. Some cases hold that a reviewing court should sustain the magistrate's determination of probable cause if there is a substantial basis to conclude that the evidence sought is probably present, see *People v Kort,* 162 Mich App 680, 690; 413 NW2d 83 (1987), and *People v Gleason,* 122 Mich App 482; 333 NW2d 85 (1983). Others hold that the magistrate's determination should be upheld absent an abuse of discretion. See *People v Goins,* 164 Mich App 559, 560; 417 NW2d 499 (1987).

In our opinion, the Court in *Gleason, supra,* 488-489, properly rejected an abuse-of-discretion standard, noting that a reviewing court is as qualified as a magistrate to determine whether probable cause may be found within the four corners of the affidavits submitted to form the basis for the issuance of a search warrant. The Fourth Amendment plainly requires probable cause supported by oath or affirmation. A reviewing court must look at the affidavits and determine whether the information contained in the documents provides a sufficiently substantial basis of probable cause to conclude

that the evidence sought may be found in a specific location.

## II

### DID THE TRIAL COURT ERR IN SUPPRESSING MOST OF THE EVIDENCE SEIZED AFTER ENTRY INTO THE RESIDENCE WITH A SEARCH WARRANT AUTHORIZED BY A MAGISTRATE?

In this case, we find that the affidavits submitted to the magistrate failed to meet the standard set forth in this opinion and, therefore, did not establish probable cause to justify the broad search and seizure that was authorized and occurred. Accordingly, we conclude that the trial court properly suppressed all evidence seized with the exception of the gray Eddie Bauer jacket and the three sealed envelopes of marijuana.

The facts in the affidavit were sufficient to establish probable cause to search for the jacket and marijuana, but were insufficient to establish probable cause to search for any other narcotics or evidence of drug trafficking. Unlike *People v White,* 167 Mich App 461; 423 NW2d 225 (1988), there was nothing in the affidavit to suggest that surveillance of defendant's residence had occurred or that any activity relating to the residence would suggest drug trafficking. In fact, the officer testified that he never patrolled defendant's neighborhood to see if any drug trafficking was occurring and that he never sent anyone to make a controlled purchase at defendant's house. The officer merely inferred that, because the three sealed packages of marijuana were sent to defendant, it was highly likely that more marijuana and drug paraphernalia would be found at defendant's address. However, a search warrant affidavit must contain more than mere inferences. In *People v*

*Rosborough,* 387 Mich 183; 195 NW2d 255 (1972), the Court stated:

> The affidavit must contain facts within the knowledge of the affiant, as distinguished from mere conclusions or belief. An affidavit made on information and belief is not sufficient. The affidavit should clearly set forth the facts and circumstances within the knowledge of the person making it, which constitute the grounds of the application. The facts should be stated by distinct averments, and must be such as in law would make out a cause of complaint. It is not for the affiant to draw his own inferences. He must state matters which justify the drawing of them. [*Id.,* p 199, citing 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 868, p 1129.]

The prosecutor argues that the broad search was necessary to determine whether there was evidence to connect defendant or anyone else with the package. We reject this argument, as did the trial court during the suppression hearing. The mere fact that a package is sent to someone does not necessarily mean that the person requested the package. However, the evidence presented to the magistrate was sufficient to conclude that defendant lived in the house that was searched and that defendant signed for the package when it arrived. Consequently, because defendant was connected to the package, there was probable cause to issue the warrant to search defendant's house for the package containing the jacket and marijuana. However, there were absolutely no facts in the affidavit which suggested that anyone else was connected with the marijuana or that defendant was involved in any illegal activities other than receiving the marijuana in the mail.

In summary, we find that there were no facts in

the affidavit to support the officers' conclusion that any drugs or paraphernalia would be found within the residence other than the three bags of marijuana delivered with the gray Eddie Bauer jacket. The police did not have prior justification for intruding into otherwise protected areas in the house because they found the jacket containing the marijuana as soon as they entered defendant's residence. No probable cause existed to conduct the search for items other than the gray Eddie Bauer jacket and the three bags of marijuana. Therefore, the circuit court correctly suppressed all other items seized pursuant to the warrant.

The prosecutor also urges us to admit the illegally seized evidence under a good-faith exception to the exclusionary rule. This we decline to do. *People v Tanis,* 153 Mich App 806, 813; 396 NW2d 544 (1986); *People v Sundling,* 153 Mich App 277, 290-292; 395 NW2d 308 (1986). The decision of the circuit court is affirmed.