## PEOPLE v LAWRENCE

Docket No. 152765. Submitted May 18, 1994, at Detroit. Decided
August 1, 1994, at 9:25 A.M. Leave to appeal sought.

Victor A. Lawrence pleaded nolo contendere in the Recorder's
Court for the City of Detroit, A. George Best, II, J., to a charge
of unarmed robbery. The court, relying on a presentence inves-
tigation report that included a presentence investigation report
from another case against the defendant in a different court
that revealed that the defendant had agreed to plead guilty of
armed robbery in exchange for the dismissal of three other
theft-related offenses, sentenced the defendant to seven to
fifteen years' imprisonment. The defendant appealed.

The Court of Appeals *held:*

1. The defendant failed to preserve for appellate review any
challenge to the use of the information regarding the dismissed
charges by failing to request an evidentiary hearing at the time
of sentencing in the present case.

2. The sentence was proportionate, and the sentencing court
gave a thorough explanation for its departure from the sen-
tence recommended by the sentencing guidelines. The court did
not err in considering the fact that the defendant pushed the
victim.

Affirmed.

SENTENCES — APPEAL — PRESERVING QUESTION — PRIOR DISMISSAL OF
CHARGES.

A defendant fails to preserve for appellate review a challenge to
a sentencing court's use of information in a presentence investi-
gation report regarding charges that were dismissed in a differ-
ent court in exchange for the defendant's plea of guilty in that
court where the defendant is given an opportunity to challenge
the accuracy or relevance of the dismissed charges at the time
of sentencing but fails to do so (MCL 771.14[5]; MSA 28.1144[5]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES
Am Jur 2d, Appeal and Error §§ 545, 867; Criminal Law § 527.
See ALR Index under Sentence and Punishment.

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sherrie P. Guess),* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and CORRIGAN and C. D. CORWIN,* JJ.

MICHAEL J. KELLY, P.J. Defendant pleaded no contest to a charge of unarmed robbery, MCL 750.530; MSA 28.798, and received a prison sentence of seven to fifteen years. He now appeals as of right. We affirm.

Defendant argues that the trial court abused its discretion in considering several previous, similar charges against defendant that were dismissed as a result of a plea bargaining agreement in a different court. While it is true that "[a] sentencing court may consider the facts underlying uncharged offenses, pending charges, and acquittals," *People v Parr,* 197 Mich App 41, 46; 494 NW2d 768 (1992), these facts must be supported by reliable evidence, *People v Ewing (After Remand),* 435 Mich 443, 455 (opinion by BRICKLEY, J.), 463 (opinion by BOYLE, J.); 458 NW2d 880 (1990). The trial court in this case relied solely on the presentencing investigation report (PSIR), which incorporated a PSIR from another case against defendant in a different court. That report revealed that defendant had agreed to plead guilty of armed robbery in exchange for the dismissal of three other theft-related charges. Although the factual allegations of the dismissed charges were not independently

---

* Circuit judge, sitting on the Court of Appeals by assignment.

supported by record evidence, the trial court concluded, in large part on the basis of the dismissed charges, that defendant had a "social history" of theft-related assaults and sentenced him accordingly.

Because the PSIR from the prior case was included in the PSIR for the present offense, which defendant received, defendant had the opportunity to challenge the accuracy or relevancy of the dismissed charges at the time of sentencing in the present case. See MCL 771.14(5); MSA 28.1144(5). Neither defendant nor his attorney alleged that the charges were inaccurate or that he was innocent of them. No evidentiary hearing was requested. Counsel simply urged that there be no assumption of guilt. She suggested, "I don't think that anyone can make any assumptions about untried cases that were dismissed. There is no finding of guilt, there can be no assumption of guilt." To challenge the charges, counsel should have requested an evidentiary hearing; that she did not do so we ascribe to defense strategy. In *People v Hernandez,* 443 Mich 1, 18-19; 503 NW2d 629 (1993), the Supreme Court held that the remand procedure for challenging an alleged scoring error in the sentencing guidelines "should not be utilized for presentence issues that can be raised contemporaneously with the event giving rise to the challenge." The same reasoning applies by analogy to the present case. Accordingly, we conclude that defendant has failed to preserve the issue for appellate review.

With respect to the remaining sentencing challenges, we see no abuse of discretion in the trial court's attempt to fashion a punishment proportionate to the offense and the offender. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). The sentencing guidelines recommend a minimum sen-

tence of one to four years. The trial court gave a thorough explanation at sentencing for its departure from the guidelines. *People v Adams,* 195 Mich App 267; 489 NW2d 192 (1992), modified on other grounds 441 Mich 916 (1993). The court did not err in considering the fact that defendant pushed the victim. *People v Duprey,* 186 Mich App 313, 317; 463 NW2d 240 (1990).

Affirmed.