PEOPLE v BRAKE

Docket No. 160075. Submitted May 18, 1994, at Detroit. Decided
    December 29, 1994, at 9:25 A.M.

    John H. Brake pleaded guilty in the Oakland Circuit Court,
Steven N. Andrews, J., of delivery of 50 or more but less than
225 grams of a mixture containing cocaine and possession with
intent to deliver marijuana, reserving the right to appeal the
court's rulings concerning pretrial motions. The defendant was
sentenced to prison terms of ten to twenty years and one to
four years respectively. The defendant had moved to suppress
evidence seized during the search of his residence on the basis
that the search warrant was defective. The hearing of the
motion to suppress established that an express mail package
arrived at the Detroit airmail facility without an address label
on it. A postal employee at the airmail facility opened the
package to look for information concerning the addressee,
found no such information, but noticed that the two boxes
designed to hold computer floppy disks that were contained in
the package emitted a white powdery substance. A postal
inspector secured a federal search warrant, opened the boxes,
and found eighty-six grams of cocaine. An address label ad-
dressed to the defendant arrived at the post office in Highland.
The Highland postmaster told the postal inspector that a
person purporting to be John Brake had called to inquire about
an express mail package that was to be delivered to him, had
given the same information that was found on the loose label,
and had left a telephone number where he could be reached.
The postal inspector had the postmaster call the telephone
number, explain to the person who answered the phone that
the label had been found, and ask the person to describe the
contents of the package. The person described the contents of
the package as being two boxes of computer floppy disks. The
postal inspector sought a warrant to search the defendant's
residence for drugs, drug paraphernalia, weapons, records, and
drug proceeds, stating that he had probable cause to believe

REFERENCES

Am Jur 2d, Searches and Seizures §§ 118, 123, 125.
See ALR Index under Search and Seizure.

that the listed items were then at the defendant's residence and that arrangements had been made to deliver the package containing the cocaine to the defendant at his residence. The magistrate issued a search warrant, the package was delivered to the defendant at his residence, the defendant was arrested, and the residence was searched, yielding the evidence that the defendant sought to suppress. The defendant appealed.

The Court of Appeals *held:*

1. Because the question whether the original opening of the package by the postal employee at the airmail facility was a violation of the defendant's right against unreasonable searches was not ruled upon by the trial court, it was not preserved for appellate review.

2. It is unnecessary to decide whether Michigan recognizes anticipatory warrants, i.e., warrants issued before the events necessary to establish probable cause have occurred, because probable cause to search the defendant's residence already existed at the time the warrant was issued. Because the connection between the defendant, his residence, and the cocaine was established by the address label coupled with the telephone calls, actual delivery of the package was not necessary to establish the nexus between the package, the defendant, and the defendant's residence. The totality of the circumstances described in the affidavit supporting the request for the warrant gave the magistrate reasonable grounds to believe that the defendant was engaged in illegal drug-related activities and that there was probable cause to believe that the described items would be found at the defendant's residence. Therefore, the warrant was not defective, and the defendant's motion to suppress properly was denied.

3. The trial court did not err in finding that the defendant had failed to show substantial and compelling reasons for departing from the mandatory minimum sentence; accordingly, the court did not abuse its discretion in refusing to deviate from that mandatory minimum sentence.

Affirmed.

WAHLS, J., concurring in part and dissenting in part, stated that the motion to suppress should have been granted, because probable cause to search the defendant's residence rested on delivery of the package to him at his residence, making the warrant an anticipatory warrant, and, being an anticipatory warrant, it was invalid because it did not detail the circumstances under which its execution could occur.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

Where an affidavit in support of a search warrant shows that an

identified individual has received, or anticipates receiving, specific contraband through the mail at a particular location, there is probable cause to believe that other contraband or evidence of the crime will be found at that location.

2. Searches and Seizures — Search Warrants — Probable Cause.

A magistrate, in considering whether there is a substantial basis for issuance of a search warrant, must examine the totality of the circumstances to determine whether a fair probability exists that specific evidence of a crime will be found in a particular place.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Pritchard & Thomas, P.C.* (by *Clyde B. Pritchard* and *Edith S. Thomas*), for the defendant.

Before: Reilly, P.J., and Wahls and M. A. Chrzanowski,* JJ.

Reilly, P.J. Defendant conditionally pleaded guilty, as charged, of delivery of 50 grams or more, but less than 225 grams, of a mixture containing cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Defendant reserved the right to appeal "the pretrial motions that have been filed in this case and which this Court has ruled on." Defendant was sentenced to ten to twenty years of imprisonment for the cocaine conviction and one to four years of imprisonment for the marijuana conviction. We affirm.

The facts in this case are essentially undisputed. On August 23, 1991, an express mail "2-pound Pak" was placed in the United States mail from a

* Circuit judge, sitting on the Court of Appeals by assignment.

post office in Miami, Florida. In transit, the address label became detached from the package. The package arrived at the Detroit airmail facility in Romulus, Michigan. The label, addressed to defendant, arrived at the post office in Highland, Michigan. Andrew Pietrzyk, the express mail coordinator in Romulus, was informed about the detached label. On August 28, 1991, Mr. Pietrzyk opened the unidentified package to determine if any information regarding the addressee was contained inside. Pietrzyk did not find any such information, but noticed that the two computer floppy disk boxes found inside emitted a white powdery substance. Pietrzyk contacted the Postal Inspection Service.

Gregg Fiorina, a postal inspector, went to the Romulus facility on the same day to inspect the package. Fiorina obtained a federal search warrant to open and inspect the contents of the package, which was found to hold three plastic bags containing a total of approximately eighty-six grams of cocaine.

Rick Ferrarra, the postmaster of the Highland post office told Fiorina that a person purporting to be "John Brake" had telephoned Ferrarra in the past two days inquiring about an express mail package that was to have been delivered to him. The caller described the same express mail label number and address information as that on the label found loose in the mail. The individual also gave Ferrarra a telephone number where he could be reached.

On August 29, 1991, Ferrarra advised Fiorina that Ferrarra called the telephone number he had been given and explained to the individual who answered that the label had been located. He asked the individual what the package contained.

The individual responded that the package contained two boxes of computer floppy disks.

Later, on the same day, Fiorina sought a search warrant for defendant's residence. The affidavit stated that "the following property constitutes evidence of criminal conduct" and "is located" at defendant's residence:[1]

> Cocaine and any other illegally possessed substances; drug paraphernalia for cutting, packaging[,] processing, storage, used for weighing of any controlled substance, weapons used for the protection of; [sic] proof of residency, such as but not limited to the utility bills, correspondences, rent receipts, money order receipts, and keys to the premises and safe deposit boxes; illegal drug proceeds; any weapons used for the protections [sic] of illegal drugs.

Fiorina averred that he "has probable cause to believe that the above-listed property to be searched for and seized is now located upon said described premises, based upon" the facts as described above. The affidavit also stated that Fiorina "has made arrangements to have the package delivered to [defendant's residence] pursuant to its mailing instructions on August 29, 1991."

The Oakland County magistrate issued the

---

[1] We note that in defendant's motion to suppress filed on February 23, 1992, he challenged the veracity of the statements in the affidavit that the listed property "is located" at his residence because at the time the affidavit was signed, the affiant was aware that the package containing the floppy discs and cocaine had not been delivered. Accordingly, citing *Franks v Delaware,* 438 US 154; 98 S Ct 2647; 57 L Ed 2d 667 (1978), defendant argued that the statements should be stricken and the affidavit reviewed to determine whether the remaining portions supported a finding of probable cause. Defendant has not raised this issue on appeal, and, in any event, we find no merit in the argument, because the items described did not specify that the package containing cocaine "is located," but rather that the affiant had probable cause to believe that cocaine, paraphernalia, weapons, and so forth, generally, would be found at defendant's residence.

search warrant for defendant's residence on the
same day. The warrant stated that "probable
cause having been found," defendant's residence
was to be searched for property and things identi-
cal to that described on the affidavit.

Later that day, another postal inspector, posing
as a letter carrier, delivered the express mail
package to defendant at his residence. A short
time later, defendant left the residence, was
stopped, and was arrested. The search warrant for
the residence was then executed.

Defendant contends that the original opening of
the express mail package by Pietrzyk without a
search warrant was without probable cause and
was a violation of his Fourth Amendment right
against unreasonable searches. Because the trial
court did not rule on this aspect of defendant's
motion to suppress evidence, and because defen-
dant never presented any evidence or argument in
support of suppression on this basis, this issue was
not preserved by his conditional guilty plea. *Peo-
ple v New,* 427 Mich 482, 485; 398 NW2d 358
(1986).

Defendant next contends that evidence obtained
during the search of his residence should have
been suppressed because the warrant was defec-
tive. Defendant argues that the search warrant
was an "anticipatory search warrant," because the
warrant was obtained before the controlled deliv-
ery giving rise to probable cause occurred. Defen-
dant correctly notes that Michigan has not recog-
nized yet the validity of such warrants and argues
that even in jurisdictions that have upheld war-
rants of this type, this warrant would be invalid
because the warrant failed to provide explicit,
clear, and narrowly drawn conditions governing its
execution.

An anticipatory warrant is one that is issued

before the events necessary for probable cause have occurred. *United States v Garcia,* 882 F2d 699, 702 (CA 2, 1989). In cases in which anticipatory warrants have been recognized, courts have held that the fact that the evidence presently is not located at the place to be searched is immaterial as long as there is probable cause to believe that the evidence will be there when the warrant is executed. *Id.* However, to assure that the warrant is not executed prematurely, that is, before the events necessary for probable cause have occurred, some courts have required that the conditions upon which the anticipatory warrants become effective be "explicit, clear, and narrowly drawn." See *United States v Gendron,* 18 F3d 955, 965 (CA 1, 1994), but see *United States v Rey,* 923 F2d 1217, 1221 (CA 6, 1991) ("Although it may be preferable" to include a statement that the search could only be executed after the controlled delivery occurred, "the warrant's silence on this point does not render it void.").

We need not determine whether the magistrate's determination of probable cause was predicated on the occurrence of the controlled delivery, whether anticipatory warrants are valid in Michigan, or whether this particular warrant was defective for failing to include specific prerequisites for effectiveness. Because probable cause to search defendant's residence existed at the time the warrant was issued, it was not an anticipatory warrant.

An individual's receipt of a package of contraband establishes probable cause to search the residence for other contraband and items associated with drug trafficking. In *People v Landt,* 188 Mich App 234; 469 NW2d 37 (1991), rev'd 439 Mich 870 (1991), a package addressed to the defendant was opened by authorities and found to contain packages of marijuana inside a gray jacket. The pack-

age was subsequently delivered to the defendant, and he signed for it. On the same day, authorities obtained and executed a warrant to search the defendant's residence for marijuana, drug paraphernalia, and records pertaining to drug trafficking. This Court held that there was probable cause to search for the items in the package, but not to search for other narcotics or evidence of drug trafficking. The Supreme Court disagreed:

> Inasmuch as the affidavit underlying the search warrant in this case established probable cause as to the contraband that was delivered to the defendant at the address where the search warrant was executed, the magistrate did not err in finding probable cause as to other items incident to drug trafficking. [*People v Landt,* 439 Mich 870 (1991).]

Thus, the receipt of the package containing contraband at a particular location establishes a connection between the recipient, the contraband, and the address where the contraband is delivered and supports a finding of probable cause to believe that other evidence of drug trafficking would be at that location.

In this case, the connection between defendant, the contraband, and the defendant's residence was established before the delivery took place. In this case, as in *Landt,* contraband, concealed in an attempt to avoid detection, was sent to defendant. Unlike in *Landt,* however, the facts recited in the affidavit strongly indicated that defendant expected this particular package and was aware of its contents. An individual purporting to be defendant telephoned the post office, inquired about the package, and was able to provide information concerning the express mail label number, the destination, and the return address. That person provided a telephone number where he could be

reached. When that number was called, an individual correctly identified the package's contents (two boxes designed to hold computer floppy disks). Under these circumstances, the connection between defendant, his residence, and the package containing contraband was established not only because defendant was the named addressee on the package, but also because the actions of the defendant, who identified himself as the addressee, clearly indicated that he anticipated receiving this particular package.

Because the connection between defendant, his residence, and the contraband was established by the facts set forth in the affidavit, there was probable cause to search defendant's residence for other contraband and items associated with drug trafficking, even before the controlled delivery occurred. In *Landt,* the necessary connection was established by the defendant's accepting of the package. However, we find no reason why receipt of the package is necessary where the nexus between defendant and the package is established by other facts. The reasoning in both instances is the same. When the affidavit shows that an identified individual has received, or anticipates receiving, specific contraband through the mail at a particular location, there is probable cause to believe that other contraband or evidence of the crime will be found at that location.

As a reviewing court, we are to ensure that there is a substantial basis for the magistrate's conclusion that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *People v Russo,* 439 Mich 584, 604; 487 NW2d 698 (1992). The totality of the circumstances described in the affidavit in this case gave the magistrate reasonable grounds to believe that defendant was engaged in illegal drug-

related activity and that a search of his residence probably would uncover evidence of such conduct. We find that probable cause existed at the time the warrant was issued, whether or not the magistrate believed the warrant would be executed after the package had been delivered. Therefore, the warrant was not defective, and defendant's motion to suppress was properly denied.[2]

Lastly, defendant argues that the trial court abused its discretion in refusing to deviate from the mandatory minimum sentence of ten years for the conviction of possession with intent to deliver 50 to 225 grams of cocaine. Defendant contends that his post-conviction behavior justified a reduced sentence. We disagree. Although defendant had no prior offenses, the information in the presentence investigation report, which defendant did not challenge, indicates that defendant was part of an ongoing criminal enterprise involving several shipments both to and from the sender of the package involved in this case. The trial court did not err in finding no substantial and compelling reasons to depart from the mandatory minimum sentence. *People v Lawrence,* 206 Mich App 378; 522 NW2d 654 (1994).

Affirmed.

M. A. CHRZANOWSKI, J., concurred.

WAHLS, J. *(concurring in part and dissenting in part).* I concur in the majority's resolution of the issue regarding whether the original opening of the express mail package without a search warrant was a violation of defendant's Fourth Amend-

---

[2] The trial court denied defendant's motion to suppress on the basis that the warrant was a valid anticipatory warrant. Where the trial court reaches the right result for the wrong reason, this Court will not reverse. *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 472; 487 NW2d 807 (1992).

ment rights. As pointed out by the majority, the issue was not preserved by virtue of defendant's plea. I also concur with regard to the sentencing issue.

However, I respectfully dissent from the majority's position that there was probable cause at the time the warrant was issued to search defendant's residence. Both the United States and Michigan Constitutions guarantee a person's right against unreasonable searches and seizures of the person, houses, papers, and effects. US Const, Am IV; Const 1963, art 1, § 11. Probable cause to search must exist at the time the search warrant is issued. Probable cause exists when a person of reasonable caution would be justified in concluding that evidence of criminal conduct is in the stated place to be searched. *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983); *People v Russo,* 439 Mich 584, 606-607; 487 NW2d 698 (1992).

I disagree with the majority's conclusion that there was probable cause to believe that contraband or other evidence of drug trafficking would be found at defendant's residence at the time the warrant was issued. The affidavit provided the following facts. A man purporting to be defendant telephoned the post office in Highland, Michigan, inquiring about a package that he was expecting. Defendant provided the express mail label number. At this point, there was no connection between the express mail label and the package at the Detroit Express Mail manager's office. Defendant left a telephone number where he could be reached. A day or so later, a post office employee telephoned the number and "told an individual there, that he had located the express label, but not the parcel." In response to the employee's question, the "individual" stated that the parcel

contained two boxes of computer floppy disks. Given the totality of these actions, I would not find reasonable grounds to conclude that defendant actually was engaged in illegal drug trafficking and that a search of his home probably would uncover evidence of such conduct. Rather, I believe that probable cause to search defendant's residence was conditional upon his acceptance of the package at his residence. Thus, I believe the warrant should be analyzed as an anticipatory warrant.

An anticipatory search warrant is a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place. 2 LaFave, Search and Seizure (2d ed), § 3.7(c), p 94. Like traditional search warrants in which there exists the expectation that the contraband will remain at the designated location until the warrant is executed, anticipatory warrants are premised on the expectation that the contraband sought will be at the designated location when the search commences. *United States v Ricciardelli,* 998 F2d 8, 10-11 (CA 1, 1993); *United States v Garcia,* 882 F2d 699, 702 (CA 2, 1989). It is believed that the objectives of the Fourth Amendment are served better by allowing government agents to obtain warrants in advance of a controlled delivery rather than by forcing the agents to proceed without a warrant under the constraints of exigent circumstances and subject to suppression at a subsequent date. *Ricciardelli, supra* at 10. An anticipatory warrant also alleviates the risk that the drugs will be removed or destroyed before execution of the warrant if the agents were to obtain a warrant only after the controlled delivery had been made.

Thus, several federal and state jurisdictions

have concluded that anticipatory search warrants are not unconstitutional per se. *Ricciardelli, supra* at 11; *Garcia, supra* at 702-703, and cases cited therein. See also *People v Sousa,* 18 Cal App 4th 549; 22 Cal Rptr 2d 264 (1993); *State v Ulrich,* 265 NJ Super 569; 628 A2d 368 (1993); *State v Engel,* 465 NW2d 787 (SD, 1991); *Commonwealth v Reviera,* 387 Pa Super 196; 563 A2d 1252 (1989); *State v Wright,* 115 Idaho App 1043; 772 P2d 250 (1989); *State v Coker,* 746 SW2d 167 (Tenn, 1987); *Johnson v State,* 617 P2d 1117 (Alas, 1980); *People v Glen,* 30 NY2d 252; 331 NYS2d 656; 282 NE2d 614 (1972). See also *State v Lee,* 93 Md App 408; 613 A2d 395 (1992) (declining to address whether the state of Maryland will approve the use of anticipatory search warrants). Most of these decisions recognize that anticipatory warrants present greater potential for abuse than routine warrants based on past events. These risks include the risk of premature issuance, the risk of judicial abdication of the probable cause determination, and the risk of premature execution. *Wright, supra* at 1049; *Lee, supra* at 416.

To protect against the first two abuses, the courts have required a particularized showing that the items to be seized will be in the place to be searched at a specified time. Requiring such a showing before the warrant is issued ensures that the magistrate (not the officers in the field) will determine when, and whether, there should be a search. Often, the requisite probable cause is established by showing that the contraband is "on a sure and irreversible course to its destination." *Ricciardelli, supra* at 12; *Garcia, supra.* The supporting affidavit should illustrate that the agent believes the delivery is going to occur, how the agent has obtained this belief, the reliability of the source of that information, and what part govern-

ment agents will play in the delivery. *Garcia, supra* at 703. In this case, the affidavit of the postal inspector, Gregg Fiorina, provided, in relevant part:

> Affiant further states that Affiant has made arrangements to have the package delivered to the above described residence pursuant to its mailing instructions on August 29, 1991.

No specifics were provided concerning how the controlled delivery was to occur or what role the government agents would play in the controlled delivery. By failing to provide such detail, the affidavit did not establish that the contraband in the express mail package was on a sure and irreversible course to defendant's residence. Therefore, I would hold that the warrant was invalid.

The third risk inherent in anticipatory warrants is that overzealous government agents will carry out the search and seizure in advance of the controlled delivery. Therefore, several decisions also have held that the search warrant must express clearly the precise circumstances under which the warrant may be executed. One particular condition should be that execution is contingent upon arrival of the contraband. *Garcia, supra; Ricciardelli, supra.* See also *Johnson, supra.*[1] Conditioning the warrant upon delivery establishes a nexus between the criminal act, the evidence to be seized, and the place to be searched. *Ricciardelli, supra* at 13. In this case, the warrant did not

---

[1] Other decisions have held that the failure to condition the search upon the occurrence of the controlled delivery is not necessarily fatal. *United States v Tagbering,* 985 F2d 946, 950 (CA 8, 1993), and *State v Engel,* 465 NW2d 787, 790 (SD, 1991). In *Tagbering,* the critical factor to the court's holding was the representation in the affidavit that the warrant would not be executed until the package had been delivered. In *Engel,* the issuing judge orally admonished the officer not to execute the warrant until the controlled delivery occurred.

detail the precise circumstances under which it was to be executed. In fact, the only condition was that the warrant was to be executed on or before August 20, 1991. Because the warrant in this case failed to authorize a search only after the controlled delivery had occurred, the warrant was invalid.

Of course, the majority's holding has rendered it unnecessary to analyze whether this jurisdiction should adopt and uphold the constitutional validity of anticipatory search warrants and whether this particular warrant was a valid anticipatory warrant. As previously stated, my disagreement with the majority is that probable cause to search defendant's residence for evidence of drug trafficking had not been established at the time the warrant was issued. Therefore, I believe that the warrant was an anticipatory warrant, and should be analyzed as such. Additionally, I would recognize the validity of anticipatory warrants subject to the safeguards adopted by other jurisdictions. Because the affidavit did not establish that the contraband was on a sure and irreversible course to defendant's residence, and because the warrant did not detail the circumstances under which the execution could occur, I also would find that the anticipatory warrant was invalid. Accordingly, I would reverse the lower court's ruling and remand for entry of an order suppressing the evidence.