PEOPLE v KASLOWSKI

Docket No. 208656. Submitted June 8, 1999, at Detroit. Decided January 11, 2000, at 9:00 A.M.

Richard D. Kaslowski pleaded guilty in the Wayne Circuit Court, Richard P. Hathaway, J., of possession with intent to deliver marijuana on the condition that he be allowed to appeal the reversal by the Wayne Circuit Court, Marianne O. Battani, J., of an order of the 25th District Court, David A. Bajorek, J., suppressing evidence seized pursuant to an anticipatory search warrant and dismissing the charge against the defendant. The case arose when a drug-sniffing police dog indicated the presence of narcotics in a parcel at a parcel service branch being monitored by the police. The police installed in the parcel an electronic transmitter that would activate when the parcel was opened. The police then delivered the parcel to its intended destination and searched the premises pursuant to the warrant after the parcel was opened. The defendant appealed.

The Court of Appeals *held*:

An anticipatory search warrant is a warrant based on a showing of probable cause that at some future time, but not presently, certain evidence of crime will be located at a specified place. A magistrate issuing such a warrant should take care to require independent evidence establishing probable cause that the contraband will be located at the premises at the time of the search. Further, the magistrate should protect against its premature execution by listing in the warrant the conditions governing its execution.

In this case, the warrant and the affidavit were one construct and stated with specificity the conditions upon which the police were to enter the premises to conduct the search. The circuit court did not err in reversing the decision of the district court.

Affirmed.

SEARCHES AND SEIZURES — ANTICIPATORY SEARCH WARRANTS.

An anticipatory search warrant is a warrant based on a showing of probable cause that at some future time, but not presently, certain evidence of crime will be located at a specified place; a magistrate issuing such a warrant should take care to require independent evidence establishing probable cause that the contraband will be

located at the premises at the time of the search; further, the magistrate should protect against its premature execution by listing in the warrant the conditions governing its execution (US Const, Am IV; Const 1963, art 1, § 11).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*David A. Bower*, for the defendant.

Before: KELLY, P.J., and JANSEN and WHITE, JJ.

KELLY, P.J. Defendant appeals as of right from his plea-based conviction of possession with intent to deliver marijuana, MCL 333.7401(2)(d)(iii); MSA 14.15(7401)(2)(d)(iii). Defendant conditionally pleaded guilty after the trial court reversed the district court's ruling suppressing evidence and dismissing the case. Defendant was sentenced to one year's probation. We affirm.

Trenton Police Officer James Nardone testified at defendant's preliminary examination that on December 14, 1994, he was assigned to the Drug Enforcement Administration Parcel Interdiction Team. While inspecting "next day air" parcels at a United Parcel Service (UPS) branch, he intercepted what he determined to be a suspicious package. After a police dog trained to identify parcels containing narcotics reacted positively to the package, a search warrant was obtained allowing the police to open the package. Once opened, the police discovered approximately twenty-eight pounds of marijuana. Thereafter, officers obtained a warrant allowing them to install within the parcel an electronic monitoring device that

would be programmed to emit a signal when the parcel was opened, and allowing the officers to enter and search the house to which the package was addressed when the transmitter emitted the signal. The parcel was then resealed with the transmitting device secured within the parcel.

An undercover police officer posing as a UPS delivery man delivered the parcel to the house at 1940 Champaign and obtained a signature for the parcel. Within four to five minutes after the parcel was taken inside the residence, the transmitting device emitted a tone indicating that the parcel had been opened. The officers then executed the search warrant. Once inside the house, the officers found defendant and another man along with the parcel and an additional 3½ pounds of marijuana. The police also seized two scales and some currency.

On cross-examination, Officer Nardone stated that the police had no information independent of the UPS package indicating that the house in question might contain drugs. Nardone further stated that the warrant was an "anticipatory" search warrant requiring the successful delivery of the parcel to 1940 Champaign before such a warrant would become valid. On redirect examination, Nardone indicated that successful delivery was essential for the validity of the warrant. He described a successful delivery as one where someone signs for the package.

Defendant's sole claim on appeal is that the trial court erred in reversing the district court's determination that the anticipatory search warrant was issued without probable cause and without containing limiting language, thus rendering it invalid and necessitat-

ing suppression of the evidence against defendant. We disagree.

To the extent that a lower court's decision on a motion to suppress is based on an interpretation of the law, appellate review is de novo. *People v Marsack*, 231 Mich App 364, 372; 586 NW2d 234 (1998). Factual findings made in conjunction with a motion to suppress are reviewed for clear error. *People v Mendez*, 225 Mich App 381, 382; 571 NW2d 528 (1997).

A defendant's right to be secure from unreasonable searches and seizures is guaranteed by US Const, Am IV and Const 1963, art 1, § 11. A wrapped package delivered by a private freight carrier is among the class of effects in which a member of the public may have a legitimate expectation of privacy. *United States v Jacobsen*, 466 US 109, 114; 104 S Ct 1652; 80 L Ed 2d 85 (1984). Const 1963, art 1, § 11 provides that a search warrant may issue only on a showing of probable cause, supported by oath or affirmation. "Implementing this constitutional mandate, MCL 780.651(1); MSA 28.1259(1)(1) and MCL 780.653; MSA 28.1259(3) require that probable cause be shown in the form of an affidavit presented to a magistrate who will decide whether to issue a warrant on the basis of the affidavit's contents." *People v Sloan*, 450 Mich 160, 167; 538 NW2d 380 (1995).

The places and persons authorized to be searched by a warrant must be described sufficiently to identify them with reasonable certainty so that the object of the search is not left in the officer's discretion. *People v Flemming*, 221 Mich 609, 615; 192 NW 625 (1923); *People v Blount*, 100 Mich App 351, 353; 299 NW2d 3 (1980); *People v Krokker*, 83 Mich App 474, 477-478; 268 NW2d 689 (1978). The place to be

searched must be sufficiently described to enable the executing officer to locate and identify the premises with reasonable effort while eliminating any reasonable probability that another premises might be mistakenly searched. *People v Hampton*, 237 Mich App 143; 603 NW2d 270 (1999). Information contained in the affidavit submitted in support of the warrant and information known to the executing officers may be considered in determining the sufficiency of the description. *Hampton, supra* at 154.

"An anticipatory search warrant is a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place." *People v Brake*, 208 Mich App 233, 244; 527 NW2d 56 (1994) (WAHLS, J., concurring in part and dissenting in part). See also *United States v Garcia*, 882 F2d 699, 702 (CA 2, 1989). Although numerous state and federal courts have held that properly drafted anticipatory search warrants do not contravene constitutional provisions, Michigan appellate courts have not yet squarely addressed this issue. We find this anticipatory search warrant valid.

In *Garcia, id.* at 703, the seminal case establishing the standards for an anticipatory search warrant, the Second Circuit Court of Appeals determined that such a search warrant is not unconstitutional per se and may be an effective tool in fighting criminal activity and protecting an individual's Fourth Amendment rights. In making this determination, the court opined that the objective of the Fourth Amendment is better served by allowing an agent of the government to obtain a warrant in advance of the delivery instead of having the agent proceed without a warrant in reli-

ance on the "exigent circumstances" exception to the warrant requirement and risk being second-guessed by the court at a later date. *Id.*

However, the court in *Garcia* was not blind to potential abuse in issuing a search warrant conditioned on what may happen in the future instead of the traditional method of establishing probable cause based on current conditions. Thus, the court determined that magistrates and judges should take care to require independent evidence establishing probable cause that the contraband will be located at the premises at the time of the search. Further, the magistrate should protect against its premature execution by listing in the warrant the conditions governing its execution. *Id.* at 703-704.

In the instant case, defendant draws this Court's attention to the language of the warrant inasmuch as the warrant does not specify the particular conditions upon which the police may enter the premises to conduct the search. Defendant argues that because the warrant does not state with specificity the conditions upon which the police may enter the premises, the warrant is invalid on its face. Further, defendant asserts that the affidavit, attached to the warrant and signed by the issuing judge, lacks specificity with respect to the particular conditions upon which the police may execute the warrant. We disagree.

The affidavit accompanying the anticipatory search warrant states in relevant part:

> 5. Affiant also seeks authority to monitor an electronic transmitting device, commonly known as a "beeper[,]" to be installed within the parcel. The "beeper" is a tone only[,] incapable of recording or listening to activity within the

location and is designed to alert agents to the movement and opening of the parcel.

6. Affiant intends to deliver said package with the above describer [sic] beeper to the above address pursuant to UPS custom and practice. Affiant intends to enter said address once the package is delivered/opened as indicated by the beeper.

7. Further, in the event the beeper is not triggered in a reasonable time, Affiant intends to enter the premises to recover the marijuana and any other narcotics, evidence of narcotics trafficking, . . . or other items described above.

8. Further, if the parcel is not successfully delivered this search warrant will not be executed.

The issue before this Court involves the necessary specificity in describing the conditions precedent required for the triggering of the anticipatory search warrant.[1] Defendant claims that the warrant and accompanying affidavit of the requesting officer is silent with respect to when and under what circumstances the police may enter the premises in question and conduct the search. Not so. The warrant and accompanying affidavit, which are signed on all pages by both the issuing judge and the requesting officer, detail the conditions upon which the police may enter

---

[1] We note that, first, defendant claims the search warrant was overly broad because it allowed for a search of "[a]ll suspected controlled substances, all monies, all records or other items indicating ownership or occupancy, and other items used to facilitate narcotic trafficking." We disagree. While Michigan law is silent on this issue, numerous federal courts have upheld warrants to search for drug paraphernalia and other related items based on a "controlled delivery" as occurred in the instant case. See *United States v Moetamedi*, 46 F3d 225, 229-230 (CA 2, 1995); *United States v Lawson*, 999 F2d 985, 988 (CA 6, 1993); *United States v Tagbering*, 985 F2d 946, 951 (CA 8, 1993); *United States v Rey*, 923 F2d 1217, 1220-1221 (CA 6, 1991); *United States v Washington*, 852 F2d 803, 804-805 (CA 4, 1988); *United States v Malik*, 680 F2d 1162, 1165 (CA 7, 1982); *Unites States v Dubrofsky*, 581 F2d 208, 213 (CA 9, 1978).

the premises. Indeed, the affidavit states in relevant part:

> Affiant intends to enter said address once the package is delivered/opened as indicated by the beeper.
>
> . . . Further, in the event the beeper is not triggered in a reasonable time, Affiant intends to enter the premises to recover the marijuana . . . .
>
> . . . Further, if the parcel is not successfully delivered this search warrant will not be executed.

The affidavit clearly indicates under what narrow circumstances the police may enter the premises and execute the search.

However, further analysis is required. There is a division in the courts regarding whether an anticipatory search warrant on its face must contain the limiting language or whether the supporting affidavit may contain the limiting language necessary to properly condition the search. Because Michigan law is silent on this issue, we turn to the reasoning of other jurisdictions within the United States.[2] As noted above, in *Garcia, supra* at 703-704, the Second Circuit Court of Appeals declared that an issuing judge should detail the conditions necessary for the execution of the warrant on the face of the warrant. Since *Garcia*, the trend in the federal courts has been to look at both the warrant and the supporting affidavit in determining whether the warrant's execution was sufficiently conditioned by narrowly defined circumstances. See

---

[2] We note that in *Brake, supra* at 246, Judge WAHLS in partially concurring and dissenting opined that the warrant itself should contain the circumstances upon which the search may be executed. Because the majority in *Brake* declined to adopt such a determination, we will simply consider Judge WAHLS' reasoning in our analysis and overview of other courts' decisions.

*United States v Rowland,* 145 F3d 1194, 1201 (CA 10, 1998); *United States v Hotal,* 143 F3d 1223, 1226-1227 (CA 9, 1998); *United States v Dennis,* 115 F3d 524, 529 (CA 7, 1997); *United States v Moetamedi,* 46 F3d 225, 229 (CA 2, 1995); *United States v Gendron,* 18 F3d 955, 965-967 (CA 1, 1994); *United States v Tagbering,* 985 F2d 946, 950 (CA 8, 1993); *United States v Rey,* 923 F2d 1217, 1221 (CA 6, 1991).

Turning to the facts of the instant case, the anticipatory search warrant and affidavit are one construct, actually titled "Search Warrant and Affidavit." Page one, which itself is denoted "Page 1 of 3," directed the police to search the premises located at 1940 Champaign and seize all controlled substances, monies, records, and other items related to narcotics trafficking. The affidavit, beginning on page one and finishing on page three with each page signed by the affiant and issuing judge, adequately established the narrow circumstances upon which the police were authorized to execute the warrant. The search was subject to the successful delivery of the narcotics by an undercover police officer. Further, the affidavit clearly indicated that the warrant would not be executed unless the marijuana was successfully delivered. We find the facts of this case to closely mirror several of the federal cases cited involving the controlled delivery of contraband coupled with the execution of an anticipatory search warrant. As such, we conclude that anticipatory search warrants are not unconstitutional per se, *Garcia, supra* at 703. Further, because in the instant case the search warrant and affidavit are of one construct, we feel it unnecessary to address the issue of validity raised by Judge WAHLS in *Brake.* Given the circumstances of this case, we are confi-

dent Judge WAHLS, by his own reasoning in *Brake*, would have come to the same conclusion. The trial court did not err in reversing the decision of the district court.

Affirmed.