UNITED STATES of America, Appellee,

v.

Jafar MOETAMEDI, Defendant–Appellant.

No. 36, Docket 93–1567.

United States Court of Appeals, Second Circuit.

Argued Sept. 8, 1994.

Decided Feb. 1, 1995.

Carl F.W. Adamec, Schenectady, NY, for defendant-appellant.

William C. Pericak, Asst. U.S. Atty. N.D.N.Y., Albany, NY (Gary L. Sharpe, U.S. Atty. N.D.N.Y., of counsel), for appellee.

Before: MESKILL, MAHONEY, and WALKER, Circuit Judges.

MAHONEY, Circuit Judge:

Defendant-appellant Jafar Moetamedi appeals from a judgment of conviction entered July 19, 1993 in the United States District Court for the Northern District of New York, Lee P. Gagliardi, *Judge,* after a jury found Moetamedi guilty of two counts of possession of a controlled substance in violation of 21 U.S.C. § 844. The district court sentenced Moetamedi to two months of home detention, eighteen months of probation, a $2,000 fine, a $50 special assessment, and mandatory enrollment in a substance abuse treatment program.

Moetamedi appeals his conviction on the ground that the cocaine and marijuana seized from his home pursuant to an anticipatory search warrant were improperly admitted as evidence at his trial, and presents (*inter alia*) the question whether the conditions for execution of an anticipatory search warrant must be stated in the warrant itself, or may be stated only in the affidavit supporting the application for the warrant.

We affirm the judgment of conviction.

## Background

On August 12, 1994, an express mail package (the "Package") addressed to 9–A Woodcliff Drive, Clifton Park, New York arrived at New York's Kennedy International Airport from Karachi, Pakistan. Upon examination, a customs officer discovered that the package contained a fifteen-inch brass plate comprised of two pieces. When the pieces were separated, they were found to contain approximately 775 grams of a black tar substance that tested positive for opium.

The matter was then referred to the Postal Service. In dealing with the Package, the postal authorities erroneously assumed that "Data Post," words written immediately above the address on the Package, was the addressee of the Package. In fact, however, Data Post is the name of an international express mail service that serves, among other countries, Pakistan. Moetamedi's name did not appear anywhere on the Package,

and no other person or company was listed as its addressee.

The government learned that the house at 9–A Woodcliff Drive belonged to Moetamedi, and a background check with law enforcement authorities did not reveal any prior criminal activity either by Moetamedi or at his home. Postal inspector Thomas H. Walmsley then submitted an affidavit application (the "Affidavit") to Judge Con. G. Cholakis for an anticipatory warrant to search Moetamedi's home. The Affidavit expressly conditioned the search upon Moetamedi's acceptance of the Package as an agent for Data Post.[1] Judge Cholakis issued the requested warrant (the "Warrant"), but the Warrant, while referencing the Affidavit, did not itself express any condition to its execution. Rather, it stated in form language that probable cause had been established "to believe that the person or property so described is now concealed on the person or premises above-described."

On the morning of August 14, 1994, postal inspector Raymond J. Smith, who was familiar with the Affidavit and the other warrant application materials, posed as a mail carrier and delivered the Package to Moetamedi's home. Moetamedi agreed to accept the Package as an agent for Data Post,[2] and signed two postal receipt forms as "Jafar Moetamedi." Pursuant to the condition stated in the Affidavit, government agents waited approximately fifteen minutes before executing the Warrant. They recovered, *inter alia*, the unopened Package, two "folds"— each containing one gram of cocaine—from Moetamedi's wallet, and a pipe that contained traces of marijuana. Moetamedi was arrested and charged with conspiracy to import opium in violation of 21 U.S.C. § 963 (count one); importation of opium in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2 (count two); possession of cocaine in violation of 21 U.S.C. § 844 (count three); and possession of marijuana in violation of 21 U.S.C. § 844 (count four).

Moetamedi made a pretrial motion for, *inter alia*, suppression of the evidence seized from his home. Judge Cholakis ordered a suppression hearing, stating: "The validity of the warrant is in doubt for at least two reasons. First, the 'anticipatory' warrant does not on its face list the conditions precedent to its execution. Second, the warrant is probably overbroad."[3] Despite "the dubious validity of the warrant," however, Judge Cholakis opined that suppression could be denied if the executing agents had relied in good faith upon the warrant, which in turn "depend[ed] on whether the executing officers complied with procedures set forth in the affidavit of Inspector Walmsley."

1. The Affidavit stated in pertinent part:

    I request that a search warrant for the premises be issued with its execution contingent on the following procedure:

    a. On or about August 14, 1992, an Inspector for the Unites [sic] States Postal Service will pose as a mail carrier and will deliver the package described … above, to 9A Woodcliff Drive, Clifton Park, New York. The package will contain the metal plate, however, most of the opium seized on August 12, 1992 has been removed.

    b. As this parcel is being transported through the "Express Mail" system of the U.S. Postal Service, a signature is required upon its receipt by an agent for DATA POST.

    c. Approximately fifteen minutes after the Postal Inspector delivers the package, other law enforcement personnel and I will execute the search warrant.

2. At the suppression hearing, Smith testified that:

    I told him the parcel was addressed to Data Post, 9–A Woodcliff Drive, Clifton Park, New York. I asked him if he was an agent of Data Post or associated with Data Post. I told him there was no name on the parcel itself, would he accept delivery of the parcel and sign for it.
    Q: And what did he say?
    A: He said—he looked at the parcel and said yes, I can sign for that.

3. Incorporating a list provided in Walmsley's affidavit, the warrant authorized a search for: drug records (particularly if they related to opium); records indicating that Moetamedi was secreting money or assets; United States currency, precious metals, jewelry, stocks, and bonds; photographs of coconspirators, assets, or controlled substances (especially opium); controlled substances, particularly opium; paraphernalia related to drug distribution; indicia of occupancy, residence, or ownership of 9–A Woodcliff Drive; computer equipment, discs, or other computer materials used to store computer information; and any other material evidence of violations of 21 U.S.C. §§ 841(a)(1) and 846 (which relate to manufacture and distribution of controlled substances, or conspiracies to do so).

Chief Judge Thomas J. McAvoy conducted the suppression hearing. In view of Judge Cholakis' prior opinion, Chief Judge McAvoy regarded "the question before the court [as] whether Inspectors Smith and Walmsley complied with the conditions of the warrant as stated in Inspector Walmsley's affidavit, and therefore acted in good faith." *United States v. Moetamedi*, No. 92–CR–411, 1993 WL 147461, at *3 (N.D.N.Y. May 5, 1993). Chief Judge McAvoy ruled that: (1) Walmsley had not intentionally or recklessly omitted to inform Judge Cholakis that the check with law enforcement agencies had proved negative as to any criminal activity by Moetamedi, and the provision of this information would not have negated probable cause, *id.* at *3; (2) the Warrant was probably overbroad, but the executing officers' reliance upon the issuing judge's determination of probable cause was reasonable, so the overbreadth did not require suppression, *id.* at *3–4; and (3) the conditions for execution of the Warrant stated in the Affidavit had been satisfied, in that: (a) Smith had presented the package to Moetamedi in such a manner that Moetamedi could easily see its addressee (deemed at the time to be Data Post); (b) Moetamedi had responded that he could accept the package and had signed for it, *see supra* note 2; and (c) there was no evidence to suggest that Moetamedi had been duped into thinking that the Package was addressed to him personally. *Id.* at *4–5. Accordingly, Chief Judge McAvoy concluded that suppression should be denied because "the officers acted in good faith in executing the warrant." *Id.* at *5.

At trial, Moetamedi was acquitted on Counts one and two, and convicted on Counts three and four. This appeal followed.

## Discussion

Moetamedi advances two significant issues on this appeal. First, we consider whether the failure of an anticipatory search warrant to state the conditions for its execution requires suppression of evidence seized pursuant to the warrant when those conditions are stated in the affidavit that solicits the warrant and are in fact satisfied when the warrant is executed. Second, we consider whether the Warrant was overly broad, and if so, whether suppression is the appropriate remedy.

■ Preliminarily, we reject Moetamedi's argument that suppression is required because the Affidavit failed to disclose that a check of law enforcement agencies regarding criminal activity by Moetamedi or at his residence had elicited negative results. *See United States v. Smith*, 9 F.3d 1007, 1014 (2d Cir.1993) ("An otherwise sufficient application for a search warrant need not relate unproductive or unsuccessful efforts in the course of the investigation.") (collecting cases). Nor are we concerned that the confusion about "Data Post" being the addressee of the Package somehow invalidates the Warrant, in view of Judge McAvoy's findings of fact regarding the circumstances of the delivery of the Package to Moetamedi.

■ We note that legal issues relating to the validity of warrants and the suppression of evidence seized thereunder are reviewed *de novo*. *See Smith*, 9 F.3d at 1011; *United States v. Moore*, 968 F.2d 216, 221 (2d Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 480, 121 L.Ed.2d 385 (1992); *United States v. Uribe–Velasco*, 930 F.2d 1029, 1032 (2d Cir.1991). We proceed to address the issues presented for our decision.

### A. Statement of Conditions Precedent to the Execution of Anticipatory Warrants.

■ Moetamedi argues that the Warrant is invalid because the conditions precedent to its execution were not stated in the Warrant. In *United States v. Garcia*, 882 F.2d 699 (2d Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989), we held that anticipatory search warrants are not *per se* unconstitutional, reasoning that "when a government official presents independent evidence indicating that delivery of contraband will, or is likely to, occur, and when the magistrate conditions the warrant on that delivery, there is sufficient probable cause to uphold the warrant." *Id.* at 702; *see also United States v. Ricciardelli*, 998 F.2d 8, 11 (1st Cir.1993) (collecting cases); *United States v. Tagbering*, 985 F.2d 946, 949 n. 5 (8th Cir.1993) (collecting cases); *United*

*States v. Goodwin,* 854 F.2d 33, 36 (4th Cir. 1988) (collecting cases).

We added in *Garcia,* however, that "when an anticipatory warrant is used, the magistrate should protect against its premature execution by listing *in the warrant* conditions governing the execution which are explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation by government agents." 882 F.2d at 703–04 (emphasis added). Moetamedi invokes this statement to argue that suppression is required in this case because the conditions for execution were not stated in the Warrant, but only in the Affidavit.

The Eighth Circuit addressed this issue in *Tagbering.* The *Tagbering* court looked to the affidavit to determine whether adequate conditions were placed upon the warrant's execution, and whether those conditions were satisfied. 985 F.2d at 950. Unlike the instant case, the affidavit in *Tagbering* was attached to the warrant and countersigned by the judge who issued the warrant. *Id.* The Eighth Circuit stated, however, that:

> [E]ven if [the soliciting] affidavit was not incorporated into the warrant, it contained a representation to the issuing judge that the warrant would not be executed until the package was delivered and accepted. In such circumstances, we do not believe the Constitution requires that this limitation be written into the warrant itself.

*Id.; see also United States v. Bieri,* 21 F.3d 811, 815 n. 3 (8th Cir.) (no need for incorporation or attachment of affidavit underlying anticipatory warrant as long as affidavit contains adequate legal description of property to be searched), *cert. denied,* — U.S. —, 115 S.Ct. 208, 130 L.Ed.2d 138 (1994); *United States v. Bianco,* 998 F.2d 1112, 1116–17 (2d Cir.1993) (when all parties involved are informed by affidavit of scope of and limits on search, failure to specify them in warrant is not fatal even when affidavit is not incorporated by reference in or attached to warrant), *cert. denied,* — U.S. —, 114 S.Ct. 1644, 128 L.Ed.2d 364 (1994).

We adopt the reasoning of *Tagbering, Bieri,* and *Bianco* in concluding that an anticipatory warrant is valid even though it does not state on its face the conditions precedent for its execution, when (1) "clear, explicit, and narrowly drawn" conditions for the execution of the warrant are contained in the affidavit that applies for the warrant application, and (2) those conditions are actually satisfied before the warrant is executed.

■ These requirements were satisfied in this case. The Affidavit stated clear and precise conditions for the execution of the Warrant, *see supra* note 1, and these conditions were satisfied by the circumstances of the delivery of the Package, as determined by Chief Judge McAvoy in factual findings that are not clearly erroneous. *See Moetamedi,* 1993 WL 147461, at \*5. Certainly, the most efficient way to ensure that an anticipatory warrant is properly executed is to include the conditions for its execution in the warrant. We will not posit a Fourth Amendment violation requiring suppression, however, when constitutionally satisfactory conditions for execution of the warrant are stated in the affidavit that solicits the warrant, accepted by the issuing magistrate, and actually satisfied in the execution of the warrant.

B. *The Scope of the Warrant.*

■ With some ambivalence, Chief Judge McAvoy concluded that the Warrant was overbroad. *Compare id.* at \*3 ("The overbreadth of the instant warrant is apparent on its face.") *with id.* at \*4 ("the warrant in the instant case may have been overbroad"). He concluded, however, that the Warrant had been executed in good faith, precluding suppression. *Id.* at \*5. *See United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 3422, 82 L.Ed.2d 677 (1984). While we agree with Chief Judge McAvoy's resolution of the good faith issue for the reasons stated in his opinion, *see Moetamedi,* 1993 WL 147461, at \*4–5, we believe that the Warrant properly authorized seizure of the cocaine and marijuana at issue on this appeal without resort to the *Leon* good faith rule.

There is some support for a finding of overbreadth in *Garcia.* In that case, the warrant was similar in breadth to the Warrant in this case. *See supra* note 3. The *Garcia* warrant authorized a search for cocaine, traces of cocaine, currency, drug records, and narcotics paraphernalia. We said

in *Garcia:* "Had the only evidence been that the duffel bags were being delivered to the apartment, the scope of the search, described in the warrant might have been overbroad." 882 F.2d at 704. We then pointed to corroborating evidence that justified the breadth of the search authorized in *Garcia. See id.* Here, by contrast, there was no evidence to corroborate the anticipated delivery of the Package to Moetamedi's residence.

More recently, however, we recognized that: "[T]he belief that drug records may be found at an address to which large packages of drugs are sent is precisely the kind of 'practical, common-sense' judgment required by [*Illinois v.*] *Gates,* [462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ]." *Moore,* 968 F.2d at 223; *see also Tagbering,* 985 F.2d at 951 n. 8 ("warrants to search for drug paraphernalia and records based upon controlled deliveries of drugs have been upheld in numerous cases"); *United States v. Rey,* 923 F.2d 1217, 1220–21 (6th Cir.1991) (warrant authorizing search for drug paraphernalia as well as contraband is not overbroad even though based only upon knowledge of controlled delivery) (collecting cases).

■ In any event, a partially invalid warrant may be severed or redacted, and the valid portion upheld. *See United States v. George,* 975 F.2d 72, 79 (2d Cir.1992); 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 4.6(f) (2d ed. Supp.1995) ("the ... objectives of deterrence and integrity may be served ... by limiting suppression to the fruits of the warrant's unconstitutional component") (footnote omitted). It seems clear that the delivery of 775 grams of opium to Moetamedi's residence would justify a search of the premises for controlled substances, and that justification suffices to deny suppression of the marijuana and cocaine at issue on this appeal.

### Conclusion

The judgment of the district court is affirmed.