THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERTO FAVELA, Defendant-Appellant.

Third District   No. 3—96—0754

Opinion filed May 13, 1997.

Ken Del Valle, of Chicago, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

Following a jury trial, the defendant, Alberto Favela, was convicted of possession with intent to deliver more than 5,000 grams of cannabis (720 ILCS 550/5(g) (West Supp. 1995)). He was sentenced to a 14-year term of imprisonment. The defendant appeals, contending that: (1) the warrant issued to search his place of business was defective; and (2) defense counsel was ineffective for failing to move to quash the search warrant. We affirm.

## FACTS

On the morning of January 25, 1996, the Quad City Metropolitan Enforcement Group (MEG) obtained two search warrants in connection with three boxes that weighed a total of 152 pounds and were destined for delivery to the defendant's place of business, Alberto's Hair Design (Alberto's), at 2125 16th Street, Moline, Illinois. One of the boxes had broken open in transit on Emery Air Freight and contained smaller, taped packages. Personnel from Emery Air Freight suspected that the packages contained cannabis and called the police. After a police canine alerted on all three boxes, Agent Jay Titus obtained the first search warrant. Pursuant to that warrant, the officers took core samples of the contents of the three boxes and installed a beeper device in one of them to monitor when it was next opened. The samples tested positive for cannabis.

Agent Rick Ryckeghem then swore out a complaint for the second search warrant, alleging that the MEG team intended to make a controlled delivery of the three boxes and surveil the defendant's place of business until the boxes were opened. At 11:50 a.m., the circuit judge issued the second warrant, authorizing the agents to search Alberto's within 96 hours for cannabis and evidence of cannabis trafficking.

Around 12:10 p.m., MEG agent Randy Wilson, posing as an Emery World Wide employee, delivered the three boxes to Alberto's. At the time, the defendant was cutting one customer's hair, and a third man was seated in another chair in the salon area. The third man accompanied Wilson back to the delivery van and carried one of the boxes inside. Wilson placed the box with the beeper on the floor inside the front door. When he returned with the third box, he noted that the box with the beeper had been removed. Wilson asked where to place the third box, and the defendant said to set it on the floor. The third man then signed the shipping bill as "Alberto Juarez."

Officer Dale Sievert testified that he surveilled Alberto's that afternoon. None of the boxes left the premises. Around 5:45 p.m., Sievert and two other agents executed the second search warrant as the defendant was closing the salon. The boxes were not in sight, but the officers observed a locked door in the office area. The defendant opened the door to a closet, which contained the three boxes earlier delivered by Wilson. An agent noted that one of the boxes had been opened, and the defendant admitted that he knew the boxes contained marijuana.

At trial, in addition to the foregoing evidence, the parties stipulated that the three boxes contained over 20,000 grams of cannabis. The jury subsequently found the defendant guilty of possession of cannabis with intent to deliver, as charged.

## DISCUSSION AND ANALYSIS

On appeal, the defendant argues that the warrant authorizing the search of his place of business was statutorily and facially invalid. Because the issue was waived for failure to present it in a pretrial motion to quash, the defendant also contends that he received ineffective assistance of counsel.

### 1. Validity of Search Warrant

The defendant argues that: (1) section 108—3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/108—3 (West Supp. 1995)) does not authorize anticipatory search warrants; and (2) the warrant, if not statutorily infirm, was defective for failure to state on its face that the search was contingent on the delivery of the cannabis to the defendant's place of business.

The State initially argues, and we agree, that the legislature amended section 108—3(a)(1) with the intent to authorize anticipatory warrants, following our supreme court's decision in *People v. Ross*, 168 Ill. 2d 347, 659 N.E.2d 1319 (1995). *Ross* held that the prior statute did not authorize the issuance of anticipatory search warrants. The prior statute authorized the issuance of warrants for articles "which have been used in the commission of, or which may constitute evidence of, the offense in connection with which the warrant is issued." 725 ILCS 5/108—3(a)(1) (West 1992). The court found this language ambiguous as to whether a warrant could be issued for evidence of future offenses.

The *Ross* court then contrasted the language of the Illinois statute with its counterpart in the Federal Rules of Criminal Procedure. Federal Rule 41(b) authorizes warrants, *inter alia*, for "(3) property designed or intended for use or which is or has been used as the means of committing a criminal offense." Fed. R. Crim. P. 41(b)(3). This part of the federal rule, the court observed, "explicitly sanctions the use of anticipatory search warrants." *Ross*, 168 Ill. 2d at 352 n.2, 659 N.E.2d at 1321 n.2.

■ Responding to *Ross*, the legislature amended section 108—3(a)(1) of the Code prior to the issuance of the instant search warrant. Effective August 18, 1995, the amended statute allows for the issuance of search warrants for "articles or things *designed or intended for use or* which *are or* have been used in the commission of, or which may constitute evidence of, the offense in connection with which the warrant is issued; *or contraband, the fruits of crime, or things otherwise criminally possessed.*" (Emphasis added.) 725 ILCS 5/108—3 (West Supp. 1995). The italicized provisions were added by the amendment. By adopting much of the language of Federal Rule 41(b), the legislature obviously intended to conform this state's law to the federal law and permit the issuance of anticipatory search warrants.

The defendant argues that, since the amended statute retains the words "the offense," it remains ambiguous. See *Ross*, 168 Ill. 2d at 351, 659 N.E.2d at 1320 (court construed "the offense" as denoting that an offense had already been committed). However, since legislative intent controls in construing the statute, the retention of the words "*the* offense," rather than "*an* offense," does not alter our conclusion that the statute, as amended, now authorizes the issuance of anticipatory warrants.

The defendant also argues that the anticipatory warrant issued in this case was defective on its face for failure to state that it could not be executed unless the contraband was delivered. We do not agree.

Although it is better practice to command on the face of an anticipatory warrant that it not be executed before satisfying conditions precedent (see *People v. Martini*, 265 Ill. App. 3d 698, 638 N.E.2d 397 (1994)), there is no statutory requirement that the issuing judge do so. See 725 ILCS 5/108—6, 108—7 (West 1994). Moreover, it is well settled that omissions on the face of a search warrant may be remedied by incorporating by reference a sworn affidavit attached to the warrant. *People v. Bauer*, 102 Ill. App. 3d 31, 429 N.E.2d 568 (1981).

■ A warrant should be quashed only if the claimed defect affects the accused's substantial rights. 725 ILCS 5/108—14 (West 1994). A defendant's substantial rights may be deemed affected if an omission on the face of the warrant actually confused or could have confused the officers attempting to execute it. *People v. Siegwarth*, 285 Ill. App. 3d 739, 674 N.E.2d 508 (1996). However, technical irregularities that do not affect substantial rights provide no basis for quashing the warrant. *People v. Blake*, 266 Ill. App. 3d 232, 640 N.E.2d 317 (1994).

■ Here, the warrant expressly incorporated the attached affidavit of Agent Ryckeghem, who had previously tested the contents of the three boxes and determined that they contained cannabis. Ryckeghem stated that, pursuant to the earlier warrant, a beeper had been installed in one of the boxes. He stated that fellow officers would (1) conduct a controlled delivery, then (2) surveil the premises until (3) the box was opened. The only reasonable interpretation of the affidavit is that the officers would not execute the warrant until after the conditions precedent were satisfied. For them to proceed prematurely would spoil their case. Therefore, reading the affidavit together with the search warrant, we find no possibility that the officers executing the warrant could have been confused about the timing of their search.

Further, evidence at trial established that, in fact, all three conditions precedent were satisfied. The contraband was delivered, the business was surveilled, and one box was opened before the officers executed the search warrant. Accordingly, the warrant was not executed prematurely, and the defendant's substantial rights were not violated. Under the circumstances, the warrant was not invalid for failure to specify on its face that its execution was contingent on certain events.

## 2. Ineffective Assistance of Counsel

■ Having found that the warrant was not invalid, we reject as well the defendant's argument that trial counsel was ineffective for failure to present a pretrial motion to quash.

Ineffective assistance of counsel is shown where: (1) counsel's representation fell below an objective standard of reasonableness and the shortcomings of counsel were so severe as to deprive defendant of a fair trial; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). If a defendant's claim of ineffective assistance can be resolved for failure to show prejudice, the reviewing court need not address whether counsel's overall performance was deficient. *People v. Eddmonds*, 143 Ill. 2d 501, 578 N.E.2d 952 (1991).

In this case, counsel's failure to present a motion to quash the anticipatory search warrant did not prejudice the defendant. For reasons stated earlier in this opinion, such a motion would have been denied. Therefore, there is no reasonable probability that the outcome of the cause would have been different, and the defendant is not entitled to a new trial.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

McCUSKEY and HOLDRIDGE, JJ., concur.