## Commonwealth *vs.* John Gauthier.

Essex. March 5, 1997. - May 16, 1997.

Present: Wilkins, C.J., Abrams, Lynch, Fried, & Marshall, JJ.

*Search and Seizure,* Warrant, Affidavit, Probable cause. *Constitutional Law,* Search and seizure, Probable cause. *Probable Cause.*

This court stated that there is no Federal or State constitutional compulsion requiring a statement in an anticipatory search warrant of the triggering event that will activate the warrant, so long as clear, explicit and narrowly drawn conditions for the execution of the warrant are contained in the affidavit supporting the application for the warrant and those conditions are actually satisfied; and such a warrant is valid even though the affidavit is neither incorporated into the warrant nor attached to it. [41-45]

This court concluded that, where the event which would trigger the execution of an anticipatory search warrant did not in fact occur, there was no probable cause to search the premises for the controlled substances which were the subject of the warrant. [40-41]

Indictments found and returned in the Superior Court Department on May 19, 1993.

A pretrial motion to suppress evidence was heard by *Elizabeth B. Donovan*, J., and the cases were tried before *Thomas E. Connolly*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Elin H. Graydon*, Assistant District Attorney (*Cathleen E. Campbell & Brian T. O'Keefe*, Assistant District Attorneys, with her) for the Commonwealth.

*Emmanuel N. Papanickolas* (*James C. Spanos* with him) for the defendant.

Fried, J. After the denial of a motion to suppress evidence seized in a search pursuant to a warrant, the defendant was convicted of narcotics trafficking and possession, and illegal possession of a firearm. The defendant appealed and the Appeals Court reversed, applying its decision in *Commonwealth*

v. *Callahan*, 41 Mass. App. Ct. 420 (1996), which held that an anticipatory warrant could not support a search unless the triggering event appeared on the face of the warrant or the affidavit setting out the triggering event was attached to the warrant. *Commonwealth* v. *Gauthier*, 41 Mass. App. Ct. 765 (1996). We granted the Commonwealth's application for further appellate review. Although we disapprove of that doctrine and adhere to our decision in *Commonwealth* v. *Soares*, 384 Mass. 149 (1981), we conclude that the defendant's motion should have been allowed, because the triggering event set out in the affidavit had not occurred.[1] *Gauthier, supra* at 773-774 (Greenberg, J., concurring).

I

In late 1992, an officer of the State police had informed a narcotics officer with the Lynn police that Glenn Janice was selling marihuana from his automotive supply business in that city and described the vehicles in which Janice picked up the marihuana from his supplier prior to deals with his customers. The Lynn officer began a surveillance of Janice's activities, home, and business. As result of this surveillance, he was led to the defendant's residence as the possible place where Janice received his supplies. The officer recognized the address as he had arrested the defendant on narcotics charges at that address almost one decade earlier. According to the motion judge, "the matter was disposed of on motions." The officer then arranged with a confidential informant to make a series of controlled purchases of narcotics from Janice, which the officer hoped would eventually allow him to make a case against both Janice and his supplier. In a controlled purchase, the informant is searched prior to entering a location, given money to make the purchase, and then relieved of the contraband after he makes the purchase. The first relatively

---

[1]The Appeals Court concluded that, without the evidence that should have been suppressed, there was insufficient evidence to go forward, *Commonwealth* v. *Gauthier*, 41 Mass. App. Ct. 765, 767 (1996), and the Commonwealth does not quarrel with that conclusion. Accordingly, there is no occasion for us to deal with a number of other issues raised by the defendant on appeal. Because we conclude that the affidavit does not establish probable cause in the absence of the triggering event, we need not consider whether an anticipatory warrant may be executed in the absence of the triggering event if on its face no triggering event was necessary to establish probable cause.

small purchase confirmed that Janice was indeed supplying narcotics from his office. After a second, larger purchase, the informant told the police that Janice had told him that, after he closed his shop at 6 P.M., he would have to bring money to his supplier to replenish his supply. Accordingly, Janice was followed as he left his business that evening. He drove to the defendant's residence and was seen leaving it a short time later carrying a brown paper bag. Finally a purchase, large enough that Janice would be unlikely to be able to supply it from his own stock and thus would be forced to turn to his source, was arranged. A search warrant was obtained. The warrant, as required by and in the form prescribed by G. L. c. 276, § 2A, set out the property for which the search was to be made, the time period during which the search could be made, and a description of the premises — the defendant's residence — to be searched. The warrant authorized a nighttime search but did not authorize entry without prior announcement. The affidavit on which the warrant was obtained set out the facts stated above and went on to state:

> "This officer requests [an] Anticipatory Search Warrant. The event activating the warrant will be Janice arriving at [the defendant's residence] after the order is placed. As Janice exits [the residence] a search of his person and/or any packages he is in possession of will be searched. Upon finding him in possession of marijuana, all three warrants would be immediately activated."[2]

As instructed by the police, the informant called Janice at his automotive supply shop in the afternoon and ordered a quantity of narcotics. After closing time, the informant telephoned Janice again to say that he would pick up his order in about one and one-half hours. As expected, Janice left his business at closing time, went by his residence, and then drove to the defendant's residence. He entered carrying nothing. The officer testified at the motion hearing that he observed Janice "place something . . . [o]n the back floor, behind the driver's seat" of his vehicle and drive off before the police could reach him. He was stopped one and one-half

---

[2]The other two warrants related to Janice's business and residence and are not in issue.

miles away, following an attempted escape. A search behind the driver's seat discovered a bag containing marihuana. Janice was arrested, and the warrants were executed.

## II

### A

The motion judge found that there was probable cause to authorize the search of the defendant's residence pursuant to a warrant without specifying whether this depended on the occurrence of the triggering event. A concurring opinion of the Appeals Court concluded that there was no probable cause to search the residence in the absence of the triggering event. *Gauthier, supra* at 769-770 n.1 (Greenberg, J., concurring). We reach the same conclusion. Although the reliability of the informant as to the information which he had supplied was amply demonstrated, nothing that he had said sufficiently pointed to the defendant as Janice's supplier or to the defendant's residence as the place from which he supplied Janice. Neither the officer's previous search one decade before at that residence nor the single previous observation of an empty-handed Janice's entering and leaving it with a brown paper bag were sufficient to make up that deficiency. Of course that is why the officer had devised the scheme set out in the anticipatory warrant, and, had events unfolded as anticipated, there would have been ample basis for the search of Gauthier's residence. But they did not.

Although the words in the affidavit "[a]s Janice exits" the defendant's residence, in some contexts, may bear a construction that would include apprehension and a search of Janice one and one-half miles distant from the residence and after an automobile chase, in this context they will not. The point of structuring the events as the police did was to apprehend Janice, who had entered the premises empty-handed, carrying the contraband as he left. This would be more than enough to warrant the inference that Janice had obtained the contraband there. But the officer did not even testify that he had observed what Janice was carrying as he left the premises, only that they observed him "place something . . . [o]n the back floor, behind the driver's seat." Because it had been established that Janice was himself an active dealer in narcotics, this is not enough to make out that whatever Janice had been observed

placing in the car was the contraband later discovered there. It is entirely possible that he had that particular bag of narcotics in the car all along. The triggering event language in warrants such as this one should be read sensibly and in context, and, when that is done, we must conclude that the triggering event failed to materialize here.

## B

The Appeals Court reversed, not on this basis, but because the description of the triggering event did not accompany the warrant that was shown to the defendant on execution. A description of the triggering event was not included on the face of the warrant, and the affidavit in which it was set out did not accompany the warrant.[3] The Appeals Court noted that its decision in *Commonwealth* v. *Callahan*, 41 Mass. App. Ct. 420 (1996), decided after the argument to the Appeals Court in this case, was controlling. That case affirmed the order allowing a motion to suppress because the triggering event was not set out in the warrant or in an attached affidavit, even though the executing officer had the affidavit with the triggering event set out in it in his possession, *id.* at 422, and even though the affidavit set out the triggering event with sufficient specificity. *Id.* at 426. Accordingly, the Appeals Court rightly held that its very recent decision, if applied to Gauthier, would require that his motion to suppress should have been allowed. The Appeals Court did not consider, nor did the motion judge, whether the triggering event set out in the affidavit had actually occurred. In *Commonwealth* v. *Soares*, 384 Mass. 149, 154-155 (1981), we concluded that anticipatory warrants were not per se unconstitutional under the Fourth Amendment to the United States Constitution and rejected the contention that the authorizing statute, G. L. c. 276, § 1, requires that explicit directions concerning the triggering

---

[3]General Laws c. 276, § 2B, provides in part that "[t]he person issuing the warrant shall retain the affidavit and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable. Upon return of said warrant, the affidavit shall be attached to it and shall be filed therewith, and it shall not be a public document until the warrant is returned." Neither the Appeals Court nor the parties address this provision and its possible bearing on the contention that the affidavit should have been attached to the warrant when executed. Because the consideration of this question is not necessary to our decision, we also do not address it.

event appear on the warrant. We reaffirm our holding in *Soares*, and, to the extent that *Callahan* states a constitutional compulsion, we extend our holding in *Soares* to conclude that we discern no such compulsion under either the Federal or State Constitution.

The warrant clauses of the Fourth Amendment to the United States Constitution and in art. 14 of our Declaration of Rights, in addition to requiring a prior showing of probable cause before a judicial officer, both require that the warrants describe the place to be searched and the things to be seized. The Fourth Amendment states that this must be done "particularly," while art. 14 requires a "special designation" of these matters. "It is well known that art. 14 was adopted to prohibit the abuse of official power brought about by two devices which the British Crown used in the colonies: the general warrants and the writs of assistance. . . . The general warrants empowered their holder to seize and burn books or other printed matter deemed 'offensive to the state.' . . . The writs of assistance were a special kind of general warrant which permitted their bearer, usually a customs official, to search with unlimited discretion for smuggled goods without special application to a court. See 2 Legal Papers of John Adams 108 (L. Wroth & H. Zobel eds. 1965)." *Jenkins* v. *Chief Justice of the Dist. Court Dep't*, 416 Mass. 221, 229 (1993). Accord *People* v. *Glen*, 30 N.Y.2d 252, 259, cert. denied sub nom. *Baker* v. *New York*, 409 U.S. 849 (1972) (warrant clause intended to preclude use of the "hated general writs of assistance of pre-Revolutionary times"). See *Stanford* v. *Texas*, 379 U.S. 476, 481-484 (1965); Amar, Fourth Amendment First Principles, 107 Harv. L. Rev. 757, 771-782 (1994). No official is to be armed with unfettered authority to enter on private property, search there, and seize what he pleases. By including the designation of the places to be searched and the items to be seized in the warrant, there is particular assurance that the magistrate has not granted such a general power. It is a recognition of the right of the citizen to be free of such official intrusion except by specific judicial authorization that these specifications must be set out in the warrant itself. That is what the warrant does: it warrants the search of a particular place and the seizure of particular items, and the subject of the search is informed by it that the search is proceeding according to such authorization.

The warrant executed in this case complied with these requirements, though it did not — neither on its face nor by an attached affidavit — set out the triggering event on which it might be activated. But we do not believe that any such requirement can fairly be read into either of these two constitutional provisions. Nor do we believe that the lack of such a requirement sufficiently implicates the values and purposes of those provisions that we should extend them to include such a requirement. The warrant procedure does not contemplate that the person to whom the warrant is presented should be able to judge from that presentation at the time of execution its full legality and perhaps to decide on that basis whether or not to comply. Rather, it is intended to notify that person that the officers have been authorized to be in that particular place and to search for that particular thing. See, e.g., *Matter of the Application of Lafayette Academy, Inc.*, 610 F.2d 1, 5 (1st Cir. 1979). Other questions of a warrant's validity are deferred to later proceedings: a motion to suppress or possibly an action for damages for a common law or constitutional tort. Most clearly, there is no constitutional requirement that the evidence supplying the constitutionally mandated probable cause appear with the warrant when it is served. A statement of the triggering event is not as clear a case as that, but it is close enough. In many cases — just as with cases where the affidavit setting out the probable cause may be challenged — the subject of the warrant will not be in any position to judge at the time of execution whether the triggering event had or had not occurred. (This may be such a case.) And so it is hard to see what purpose would be served in those cases by a general requirement that the triggering event be made known to the subject of the search at the time he is presented with the warrant authorizing it.

The *Callahan* decision relies principally on the decision in *United States* v. *Ricciardelli*, 998 F.2d 8 (1st Cir. 1993), in reaching its conclusion. *Ricciardelli* was principally concerned with whether the triggering event was defined with sufficient definiteness.[4] We agree with the court that only if the triggering event is clearly and narrowly defined are "opportunities

---

[4]A second condition imposed by that Federal court which is related to definiteness requires that, if the contraband is not on the premises to be searched at the time of the issuance of the warrant, it "must be on a sure and irreversible course to its destination, and a future search of the destina-

for exercising unfettered discretion . . . eliminated." *Id.* at 12. Accord *United States* v. *Gendron*, 18 F.3d 955, 964-967 (1st Cir.), cert. denied, 513 U.S. 1051 (1994). We have no doubt that the conditions stated in the affidavit here fully satisfied this requirement, and our conclusion that the triggering event had not occurred is ample evidence of our ability to insist on definiteness and on compliance with the condition so definitely stated. The court in *Ricciardelli* went on to say that the "magistrate must set conditions governing an anticipatory warrant that are 'explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation by government agents.' " *Id.*, quoting *United States* v. *Garcia*, 882 F.2d 699, 703-704 (2d Cir.), cert. denied sub nom. *Grant* v. *United States*, 493 U.S. 943 (1989). From this language, *Callahan* and the defendant draw the conclusion that the limiting conditions must appear on the face of or must accompany the warrant. But it is quite clear from the context of the case that the *Ricciardelli* case was not addressing that issue. It was at most assumed that the magistrate's setting out of these clear conditions would cause them to appear on the face of the warrant, but that was not at all the issue here. In this case, the conditions set out in the affidavit on which the warrant was issued were indeed "explicit, clear, and narrowly drawn." *Ricciardelli, supra.* Our action in invalidating the seizure demonstrates that such conditions stated in the affidavit limit the authority under that warrant. But even if *Ricciardelli* can be taken to have decided this further point as well, for the reasons given above we are simply not persuaded that such a requirement is constitutionally compelled. As the Commonwealth points out, *Ricciardelli* placed heavy reliance on *Garcia, supra,* yet the United States Court of Appeals for the Second Circuit itself held in *United States* v. *Moetamedi*, 46 F.3d 225, 229 (2d Cir. 1995), that "an anticipatory warrant is valid even though it does not state on its face the conditions precedent to its execution, when (1) 'clear, explicit, and narrowly drawn' conditions for the execution of the warrant are contained in the affidavit that applies for the warrant application, and (2) those conditions are actually satisfied before the

tion must be made expressly contingent upon the contraband's arrival there." *United States* v. *Ricciardelli*, 998 F.2d 8, 12 (1st Cir. 1993). This condition has no applicability in this case, and we intimate no view as to whether we would impose it in a case that presented that issue.

warrant is executed.'' The court applied this rule to uphold the search warrant even though the affidavit was neither incorporated into the warrant nor attached to it. *Id.*[5] That is precisely what we conclude today in reaffirming *Commonwealth* v. *Soares,* 384 Mass. 149 (1981).

The judgments are reversed, and the verdicts are set aside. An order shall be entered allowing the defendant's motion to suppress.

*So ordered.*

---

[5]In reaching its conclusion, the court in *United States* v. *Moetamedi,* 46 F.3d 225, 229 (2d Cir. 1995), cited *United States* v. *Tagbering,* 985 F.2d 946, 950 (8th Cir. 1993) (''[E]ven if [the soliciting] affidavit was not incorporated into the warrant, it contained a representation to the issuing judge that the warrant would not be executed until the package was delivered and accepted. In such circumstances, we do not believe the Constitution requires that this limitation be written into the warrant itself''), a case which was cited by *Ricciardelli, supra* at 11, as well with apparent approval. This only heightens our doubts that the United States Court of Appeals for the First Circuit was focusing on the issue presented here at all.