COMMONWEALTH *vs.* VICTOR CELESTINO. No. 97-P-1113. July 14, 1999. *Search and Seizure,* Warrant, Probable cause. *Constitutional Law,* Search and seizure, Probable cause. *Probable Cause. Practice, Criminal,* Comment by prosecutor.

On the basis of an informant's tip, Officer Richard Soto of the Springfield police department saw the defendant conduct what appeared to be a drug transaction at 4 P.M. on a Wednesday. Using binoculars, Soto watched the defendant standing outside the two-family house where he lived. A car pulled up, the defendant had a conversation with the driver, the driver handed the defendant money, the defendant went in the back door of the house and returned with a small item, the defendant gave the item to the driver, they shook hands, and the driver drove off. Shortly thereafter, the informant telephoned Soto with the information that he had overheard the defendant say he would be bringing cocaine for sale on Friday morning to the tobacco farm in Connecticut where he worked. The following day, the informant, who had previously provided tips leading to fifteen arrests and more than fifteen convictions, called again confirming the previous conversation.

On Friday morning, Soto and two other officers observed the defendant

leaving the house and walk toward the stop for the tobacco farm bus at the predicted time. They approached the defendant, told him they were conducting a narcotics investigation, and patted him down. The officers found a bag containing six smaller bags of cocaine in the defendant's pocket and arrested him. They subsequently searched his apartment, purportedly after obtaining the defendant's consent.

The defendant moved to suppress the bags of cocaine he was carrying at the time of his arrest and the evidence found in the kitchen of the basement apartment of the house. He claimed the evidence should be suppressed, inter alia, because there was no probable cause for his arrest and because the police had failed to obtain a warrant. The judge allowed the motion "as to what was found in the kitchen" but denied it "as to what was found on the defendant."

The defendant was convicted of possession of cocaine with intent to distribute, subsequent offense, G. L. c. 94C, § 32A(c) & (d), and possession of cocaine with intent to distribute in a school zone. G. L. c. 94C, § 32J. On appeal, he claims that "the police had probable cause to believe on [Wednesday] that a felony was to be committed on [Friday morning]," and that therefore "there was no excuse for failing to obtain an anticipatory warrant." He also complains of various prosecutorial and judicial lapses.

An anticipatory warrant authorizes an arrest or search even though the existence of probable cause depends "on a showing that there will be probable cause 'at the time a warrant is to be executed, and not [necessarily] at the time of its issuance.' " *Commonwealth* v. *Cast*, 407 Mass. 891, 906 (1990), quoting from *Commonwealth* v. *Soares*, 384 Mass. 149, 155 (1981). The triggering event must be "clearly and narrowly defined." *Commonwealth* v. *Gauthier*, 425 Mass. 37, 43 (1997). That anticipatory warrants are permissible in the Commonwealth, see *Commonwealth* v. *Soares*, 384 Mass. at 154-155, does not mean they are required. See *Commonwealth* v. *Cast*, 407 Mass. at 906; *Commonwealth* v. *Killackey*, 410 Mass. 371, 374 (1991). Nor does *Niro* v. *United States*, 388 F.2d 535 (1st Cir. 1968), on which the defendant relies, require suppression of the evidence here. In that case, the police "had long had sufficient knowledge and opportunity to seek warrants for arrest and seizure." *Id.* at 538. Here, the police gained additional evidence when the defendant appeared at the predicted time and place on Friday morning. Compare *Commonwealth* v. *Duran*, 363 Mass. 229, 232 (1973) (warrantless search of luggage permissible where no probable cause until luggage matching description arrived). Moreover, the arrest took place on a public street, not in a place leased by the defendants, as in *Niro*.

It is long settled that a warrantless arrest in a public place is permissible if the arresting officer has probable cause, *New York* v. *Harris*, 495 U.S. 14, 18 (1990), citing *United States* v. *Watson*, 423 U.S. 411 (1976), even if there is ample time to obtain a warrant. *Id.* at 417. See Smith, Criminal Practice and Procedure § 77 (2d ed. 1983 & Supp. 1999) ("[T]he proper inquiry in regard to a warrantless arrest in a public place is not whether there should have been an arrest warrant but whether there was probable cause for an arrest."). See also *United States* v. *DeMasi*, 40 F.3d 1306, 1312 (1st Cir. 1994), cert. denied sub nom. *Bonasia* v. *United States*, 513 U.S. 1132 (1995). As the defendant acknowledges, there was probable cause here. See *Commonwealth* v. *Kennedy*, 426 Mass. 703, 708-709 (1998).

In discontinuing his surveillance on Wednesday, and the opportunity to ar-

rest one or more buyers, see *Commonwealth* v. *Kennedy*, 426 Mass. 703, Soto apparently bet on finding the defendant with a greater quantity of cocaine on Friday morning. There was nothing improper about that decision in these circumstances. Compare *United States* v. *Rengifo*, 858 F.2d 800, 803-804 (1st Cir. 1988), cert. denied, 490 U.S. 1023 (1989) (warrantless arrest of occupants of hotel room where police used telephone call to induce occupants to leave room and occupants' response to telephone call established probable cause, characterized as creative investigative effort and example of good police work). The police are not required to make an arrest every time they have probable cause to believe someone has committed a crime. See *Commonwealth* v. *Skea*, 18 Mass. App. Ct. 685, 691 (1984).

None of the defendant's other claims on appeal warrants reversal. The prosecutor's question and the witness's answer that the defendant was the target of the police surveillance can hardly have been a surprise to the jury. Even if it were improper, it did not create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). Nor did the prosecutor's remark in her opening statement that Soto "began an investigation of drug sales at [the address in question]" create a substantial risk of a miscarriage of justice. *Ibid.* Upon the defendant's objection to the prosecutor's statement in closing argument that Soto knew there was drug activity going on at the defendant's address, the judge promptly gave a curative instruction. See *Commonwealth* v. *Austin*, 421 Mass. 357, 365 (1995). In the context of the closing argument as a whole and the judge's instructions, the prosecutor's reference to the item the defendant gave the driver on Wednesday as a "small plastic bag," even if perhaps not a reasonable inference as the Commonwealth argues, did not create a substantial risk of a miscarriage of justice. We see no harm or inaccuracy in the prosecutor's remark that the defendant's destination on Friday was unclear.

The judge's accidental reading of the trafficking indictment, as to which the Commonwealth had entered a nolle prosequi, to the jury pool before empanelment did not require a new jury pool. The jury were properly instructed on the indictments before them and the elements of those offenses.

*Judgments affirmed.*

*John F. Dalsey* for the defendant.
*Deborah D. Ahlstrom*, Assistant District Attorney, for the Commonwealth.