LONG, Presiding Judge.
The State of Alabama appeals from the trial court’s order granting Joseph Bran-non Moran’s motion to suppress evidence of marijuana seized when police officers executed an anticipatory search warrant at Moran’s residence.
At the suppression hearing, the State presented testimony from Greg Lott, a narcotics investigator employed by the Athens Police Department and assigned to the Limestone County drug task force. Investigator Lott testified that toward the end of February 1999, a confidential informant, who Lott said had provided him with reliable information several times in the past, informed him that he was about to drive to the Texas/Mexico border with Julio Arispe to purchase a large quantity of marijuana for Moran. Investigator Lott told the informant to notify him as soon as he returned to Limestone County with the marijuana. On the morning of March 2, 1999, the informant paged Investigator Lott. During a subsequent telephone conversation, the informant told Investigator Lott that he and Julio Arispe had returned from Texas at approximately 4:00 a.m. that morning with approximately 15 pounds of marijuana. The informant stated that he would contact Investigator Lott later regarding the details of the delivery of the marijuana to Moran. Later that morning, the informant again paged Investigator Lott. Investigator Lott telephoned the informant and the informant told him that he and Julio Arispe would be driving from the Clinton Village Apartments in Athens to Moran’s residence in Tanner at approximately 11:00 a.m. that morning. The informant stated that they would be delivering approximately 10 pounds of marijuana to Moran at that time.
After receiving the information regarding the delivery of marijuana to Moran’s residence, Investigator Lott secured an anticipatory search warrant for Moran’s residence. Investigator Lott submitted the following affidavit to Judge Woodroof of the Limestone County Circuit Court to obtain the warrant:
“On this date, March 2, 1999, I spoke with a confidential and reliable informant who has given information in the past [that] has proven to be true and correct and led to narcotics cases being made. The informant stated he/she has been to Texas with a hispanic male known to the informant as Julio Arispe. While in Texas, Julio Arispe bought ten pounds of marijuana and drove back to Clinton Village Apartments, Athens, Alabama, this morning at 4:00 a.m. At approximately 11:00 a.m., the informant, along with Julio Arispe, will leave the apartments in route to 11837 Stewart Road, Tanner, Alabama, to deliver approximately 10 pounds of marijuana to a [white male] known to the informant as Brandon [sic] Moran. The Limestone County Sheriffs Department, Athens Police Department, and the Drug Task Force [have] received several complaints on Brandon [sic] Moran and the above mentioned residence for the sale of marijuana.
“Based on the above information, I have probable cause to believe and do believe that marijuana to-wit: controlled substance, will be located at the above mentioned residence when the delivery *1068 takes place, in violation of the laws of the State of Alabama.”
(C. 19.) The search warrant, which was signed by Judge Woodroof at 10:40 a.m. on March 2, 1999, read, in pertinent part:
“The attached affidavit having been sworn to by the affiant, Investigator Greg Lott, before me this day, based upon the facts stated therein, probable cause having been found, in the name of the People of the State of Alabama, I command you to enter during the day or night, the following prescribed place: 11837 Stewart Road, Tanner, Alabama, to search for, seize, secure, tabulate and make return according to the law the following property and things: marijuana, paraphernalia, U.S. currency, records and/or any evidence relative to the sale or possession of controlled substances.”
(C. 20.) Investigator Lott testified that when he applied for the search warrant, he informed Judge Woodroof that as soon as the warrant was issued he was going to Moran’s residence to wait for the expected delivery. Investigator Lott also informed Judge Woodroof that he would execute the search warrant immediately following the delivery of the marijuana and that if a delivery did not occur within a certain amount of time, he would not execute the warrant. Investigator Lott testified that he understood that the search warrant was anticipatory and that it was conditioned upon the delivery of marijuana to Moran’s residence and that the warrant would be void if the delivery did not occur.
After the search warrant was issued, Investigator Lott went to Moran’s residence. Investigator Lott testified that his informant and Julio Arispe arrived at the residence as expected and that he watched the informant and Arispe deliver a package to Moran. A few minutes after the informant and Arispe left Moran’s residence, Investigator Lott said, he served the search warrant on Moran. During the search of Moran’s residence, Investigator Lott seized $950 in cash, a pump shotgun, and one and a half pounds of marijuana. Later that same day, Investigator Lott said, he served another warrant on the residence of Julio Arispe and there he seized 12$ pounds of marijuana.
At the suppression hearing, Moran argued that the anticipatory search warrant obtained by Investigator Lott was invalid because, Moran said, the “triggering event” or condition precedent to the execution of the warrant — i.e., the delivery of marijuana to Moran’s residence — was not included on the face of the warrant. In addition, Moran argued that the warrant was overbroad in that it allowed Investigator Lott to search for, and to seize, United States currency, drug paraphernalia, and any records or evidence relating to the sale or possession of marijuana when, Moran argued, there was no probable cause to search for anything other than marijuana.
In its written order granting Moran’s motion to suppress, the trial court found that although the search warrant was not overbroad regarding the items that could be seized, the warrant was nevertheless invalid because, the court found, it “fail[ed] to provide any conditions governing the execution of the warrant.” (C. 24.) Specifically, the court found that “the search warrant in this case should have provided that the warrant may be executed upon the condition of marijuana being delivered to the premises.” (C. 24.)
The State contends that in granting Moran’s motion to suppress, the trial court erroneously concluded that the condition precedent to the execution of an anticipatory search warrant must be stated on the face of the warrant. The State argues that such a ruling is too narrow and that *1069 an anticipatory warrant should be valid so long as the condition precedent is contained in the affidavit submitted in support of the warrant and the condition occurs before the warrant is executed. We agree.
Anticipatory search warrants, in general, are only relatively recently valid in the State of Alabama. In Ex parte Oswalt, 686 So.2d 368 (Ala.1996), and in Ex parte Wright, 709 So.2d 1111 (Ala.1996), the Alabama Supreme Court held that although anticipatory search warrants were not per se unconstitutional, they were not authorized under Rule 3.8, Ala.R.Crim.P., as that rule read when those cases were decided. The Court, however, recommended that the Advisory Committee for the Alabama Rules of Criminal Procedure redraft Rule 3.8, Ala.R.Crim.P., to permit anticipatory warrants. The committee followed the Court’s advice, and effective December 1, 1997, Rule 3.8 was amended specifically to allow for anticipatory search warrants. Since that amendment, neither this court nor the Alabama Supreme Court has had the opportunity to address the requirements for a valid anticipatory search warrant. We do so now.
The trial court, in granting Moran’s motion to suppress, recognized that anticipatory search warrants are valid in Alabama, but concluded that the warrant in this case was not valid because the condition precedent to its execution was not stated on the face of the warrant. The court’s decision was based on United States v. Garcia, 882 F.2d 699 (2d Cir.), cert. denied, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989), a case which this Court and the Alabama Supreme Court have cited with approval, and which the Committee Comments to the amended version of Rule 3.8 also cite.
In Garcia, the United States Court of Appeals for the Second Circuit held that anticipatory search warrants are not per se unconstitutional, reasoning that “when a government official presents independent evidence indicating that delivery of contraband will, or is likely to, occur, and when the magistrate conditions the warrant on that delivery, there is sufficient probable cause to uphold the warrant.” 882 F.2d at 702. The Court, however, recognized that warrants conditioned on future events present some potential for abuse and added, in dicta, that “when an anticipatory warrant is used, the magistrate should protect against its premature execution by listing in the warrant conditions governing the execution which are explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation by government agents.” Id. at 703-04. This statement in Garcia — purportedly requiring the condition precedent to be stated on the face of the warrant — is clearly the basis for the trial court’s ruling in this case.
However, the central issue in Garcia was whether anticipatory search warrants were constitutional, not whether those warrants must include, on their face, the conditions precedent to their execution. The statement in Garcia that the trial court here relied on in holding that the anticipatory warrant in this case was invalid was dicta. Since its decision in Garcia, the Court of Appeals for the Second Circuit has addressed this precise issue— whether an anticipatory search warrant is invalid because the condition precedent to its execution is not stated on the face of the warrant — and has modified its statement in Garcia. In United States v. Moetamedi, 46 F.3d 225 (2d Cir.1995), the Second Circuit Court of Appeals held that “an anticipatory warrant is valid even though it does not state on its face the conditions precedent for its execution, when (1) ‘clear, explicit, and narrowly drawn’ conditions for the execution of the warrant are contained in the affidavit that applies for the warrant application, and (2) *1070 those conditions are actually satisfied before the warrant is executed.” 46 F.3d at 229. The United States Courts of Appeals for the Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have likewise held that an anticipatory warrant need not state, on its face, the conditions precedent to its execution, and several state courts have followed suit. See, e.g., United States v. Rowland, 145 F.3d 1194, 1201 (10th Cir.1998)(“the two general requirements for a valid anticipatory warrant are (1) that it be supported by probable cause and (2) that the warrant or supporting affidavit clearly set out conditions precedent to the warrant’s execution”)(emphasis added); United States v. Hotal, 143 F.3d 1223, 1227 (9th Cir.1998)(triggering event for an anticipatory warrant need not appear on the face of the warrant so long as it appears on the affidavit or other supporting documents and those documents are in possession of the agents at the time of the search); United States v. Leidner, 99 F.3d 1423, 1427 n. 4 (7th Cir.1996), cert. denied, 520 U.S. 1169, 117 S.Ct. 1434, 137 L.Ed.2d 542 (1997)(“we find no cases from this circuit requiring (as a matter of constitutional law) anticipatory warrants to explicitly state that the expected delivery must occur prior to execution of the warrant” and such a conditioning statement in the warrant itself is not necessary where “such a requirement is logically implicit”); United States v. Tagbering, 985 F.2d 946, 950 (8th Cir.l993)(anticipatory warrant that did not expressly condition the search upon the controlled delivery was not invalid where the affidavit submitted in support of the warrant “contained a representation to the issuing judge that the warrant would not be executed until the package was delivered and accepted”); and United States v. Rey, 923 F.2d 1217, 1221 (6th Cir.l991)(“warrant was not defective because it did not expressly specify that the search could be executed only after the controlled delivery had been made” where a “reasonable inference” could be made from the affidavit submitted in support of the warrant that the search was authorized only after the controlled delivery was made). See also Marchetti v. State, 725 N.E.2d 934 (Ind.Ct.App.), transfer denied, 735 N.E.2d 236 (Ind.2000); People v. Kaslowski, 239 Mich.App. 320, 608 N.W.2d 539 (2000); State v. Gonzalez, 143 N.H. 693, 738 A.2d 1247 (1999); State v. Meyer, 216 Wis.2d 729, 576 N.W.2d 260 (1998); State v. Womack, 967 P.2d 536 (Utah Ct.App.1998); Commonwealth v. Glass, 718 A.2d 804 (Pa.Super.Ct.1998), aff'd, 562 Pa. 187, 754 A.2d 655 (2000); Commonwealth v. Gauthier, 425 Mass. 37, 679 N.E.2d 211 (1997); People v. Favela, 288 Ill.App.3d 85, 681 N.E.2d 582, 224 Ill.Dec. 267, cert. denied, 175 Ill.2d 537, 689 N.E.2d 1142, 228 Ill.Dec. 721 (1997); State v. Engel, 465 N.W.2d 787 (S.D.1991); State v. Wine, 787 S.W.2d 31 (Tenn.Crim.App.1989); Mehrens v. State, 138 Ariz. 458, 675 P.2d 718 (1983), cert. denied, 469 U.S. 870, 105 S.Ct. 219, 83 L.Ed.2d 149 (1984); State v. Gutman, 670 P.2d 1166 (Alaska Ct.App.1983). But see State v. Smith, 124 N.C.App. 565, 478 S.E.2d 237 (1996).
“An anticipatory warrant, by definition, is a warrant that has been issued before the necessary events have occurred which will allow a constitutional search of the premises; if those events do not transpire, the warrant is void.” Garcia, 882 F.2d at 702. An anticipatory warrant is based on probable cause that contraband will be located at the place to be searched at some future point in time. We recognize that “any warrant conditioned on what may occur in the future presents some potential for abuse,” and that there must be a sufficient degree of judicial control over the execution of the warrant to avoid premature execution and misunderstanding or manipulation by government agents. *1071 Id. at 703. However, it is not necessary that the condition precedent to the execution of an anticipatory warrant be stated on the face of the warrant itself to avoid premature execution or governmental abuse. Although it would be preferable for the issuing judge to include the condition precedent in the warrant itself, the failure to include such limiting language does not affect the validity of the warrant. Therefore, we join the host of jurisdictions listed above and hold that an anticipatory warrant is valid (1) when the condition precedent to the warrant’s execution is contained in the warrant or the affidavit submitted in support of the warrant, (2) when the condition precedent is clear, explicit, and narrowly drawn so as to avoid misunderstanding or premature execution by government agents, and (3) when the condition precedent actually occurs before the warrant is executed.
Applying the requirements listed above to the facts of this case, we find that the anticipatory warrant here was valid. Investigator Lott clearly and explicitly stated in his affidavit that the condition precedent to execution of the warrant was the delivery of marijuana to Moran’s residence. He testified at the suppression hearing that he understood that if no delivery occurred, the warrant would be void. In addition, Investigator Lott testified that he did not serve the warrant until after he had observed the informant and Julio Ar-ispe make the delivery to Moran’s residence. The condition precedent to the execution of the warrant in this case was clearly, explicitly, and narrowly drawn; was contained in the affidavit submitted in support of the warrant; and had occurred before the warrant was executed. Therefore, the warrant was valid.
In his brief on appeal, Moran contends that even if this court were to hold that the condition precedent to the execution of an anticipatory search warrant need not be on the face of the warrant itself, the warrant issued in this case was nevertheless invalid because, he says, the condition precedent did not occur before Investigator Lott executed the warrant. In this regard, Moran argues that the condition precedent was the delivery of exactly 10 pounds of marijuana to his residence. Because Investigator Lott testified that only one and a half pounds of marijuana was discovered during the search of his residence, Moran concludes, the condition precedent was not satisfied before the warrant was executed. Contrary to Moran’s claim, the condition precedent to the execution of the warrant was simply the delivery of marijuana to Moran’s residence, not the delivery of 10 pounds of marijuana. Although in his affidavit Investigator Lott stated that his informant had told him that 10 pounds of marijuana was going to be delivered, delivery of that exact amount of marijuana was not required to create the probable cause necessary for the issuance of the warrant. - We will not void an anticipatory search warrant conditioned on the delivery of contraband merely because the amount of contraband actually delivered was not as expected. Because marijuana was, in fact, delivered to Moran’s residence, regardless of the amount, the condition precedent to the execution of the warrant had occurred before Investigator Lott served the warrant, and, therefore, the warrant was valid.
Moran further contends that if the condition precedent need be stated only in the affidavit submitted in support of an anticipatory search warrant and not on the face of the warrant itself, then the affidavit must “accompanfy] the warrant at the time the warrant [is] executed” in order for the officers executing the warrant to have “clear guidance as to the proper timing for the search” and for the warrant to be *1072 valid. (Moran’s brief to this court, pp. 6-7.) Moran maintains that the State presented no evidence at the suppression hearing that the affidavit accompanied the warrant at the time the warrant was executed, and that, therefore, we should hold that the warrant was void. We disagree.
Several jurisdictions have upheld anticipatory search warrants even though the affidavit submitted in support of the warrant was not appended to the warrant nor present at the time of the search. See, e.g., United States v. Dennis, 115 F.3d 524 (7th Cir.1997); Moetamedi, supra; and Gauthier, supra; Tagbering, supra. In cases such as this, where an anticipatory warrant refers to the affidavit submitted in support of the warrant, where it is clear that the issuing judge read and considered the affidavit in issuing the warrant, and where the condition precedent to the execution of the warrant was clearly defined and known to both the issuing judge and the officer executing the warrant, the possibility of premature execution or governmental abuse is sufficiently limited so as not to run afoul of the Fourth Amendment. Because we find that the affidavit need not be attached to the warrant or accompany the warrant when it is executed, we need not address whether there was evidence presented at the suppression hearing showing that the affidavit accompanied (or was attached to) the warrant in this case at the time of the search.
For the sake of judicial economy, we address the claim made by Moran at the suppression hearing that the warrant issued in this case was overbroad regarding the items that could be seized. As noted above, Moran claimed that the warrant was overbroad because it allowed Investigator Lott to search for, and to seize, in addition to marijuana, United States currency, drug paraphernalia, and any records or evidence relating to the sale or possession of marijuana when, Moran argued, there was no probable cause to search for anything other than marijuana. The trial court found that the warrant was not overbroad because there was probable cause to search for other items related to the sale or possession of marijuana based on Investigator Lott’s affidavit, in which Investigator Lott stated that there had been numerous complaints regarding the sale of marijuana out of Moran’s residence. The trial court was correct. Numerous federal and state courts have upheld anticipatory warrants to search for drug paraphernalia and other items related to the possession or sale of narcotics based solely on an expected delivery of narcotics. See, e.g, United States v. Hugoboom, 112 F.3d 1081 (10th Cir.1997); Moetamedi, supra; Tagbering, supra; Rey, supra; United States v. Washington, 852 F.2d 803 (4th Cir.), cert. denied, 488 U.S. 974, 109 S.Ct. 512, 102 L.Ed.2d 547 (1988); Kaslowski, supra; Meyer, supra. Here, however, there was additional evidence justifying a search for other items related to the sale or possession of marijuana, specifically, Investigator Lott’s statement in his affidavit that the Limestone County Sheriffs Department, the Athens Police Department, and the Limestone County drug task force had received several complaints regarding Moran’s selling marijuana at his residence. These complaints, coupled with the expected delivery of a significant amount of marijuana, provided probable cause to search for drug paraphernalia, United States currency, and any evidence related to the sale or possession of marijuana, in addition to the marijuana itself. Accordingly, the warrant was not overbroad.
For the reasons previously stated, the trial court’s order granting Joseph Bran-non Moran’s motion to suppress is hereby reversed and this cause is remanded to the *1073 trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.